524 So.2d 235 (1988)
Brian NOUSTENS
v.
STATE of Louisiana, Through the DEPARTMENT OF PUBLIC SAFETY.
No. 87-CA-695.
Court of Appeal of Louisiana, Fifth Circuit.
April 18, 1988.
Rehearing Denied May 17, 1988.
Bryan Pedeaux, Dan L. Gilbert, New Orleans, for plaintiff-appellee.
Robert L. Roshto, Deputy Gen. Counsel, Dept. of Public Safety, Baton Rouge, for defendant-appellant.
Before CHEHARDY, KLIEBERT and GAUDIN, JJ.
KLIEBERT, Judge.
Plaintiff-appellee, Brian Noustens, was arrested on May 24, 1987 for alleged violation of R.S. 14:98 (first offense DWI). The breath analysis test showed plaintiff to have a blood alcohol level above .10 percent. He pled guilty and was sentenced. His sentence did not include suspension of *236 his driver's license. However, at the time of his arrest, his driver's license was seized preliminary to a suspension, pursuant to the provisions of R.S. 32:667 and 32:668. On advice of counsel (other than present counsel) plaintiff made no application for the administrative hearings before the Department of Public Safety (DPS), defendant-appellant, provided for in the statute. Thus, under the provisions of R.S. 32:667(B)(1), on June 24, 1987 his license would have been suspended for ninety days.
On June 24, 1987 plaintiff filed a petition against the DPS for review of the suspension and the issuance of a restricted hardship license under the provisions of R.S. 32:415.1. Plaintiff moved for and the court granted a restraining order prohibiting the DPS from taking any action to suspend plaintiff's driving privileges pending the holding of a contradictory hearing as required by R.S. 32:415.1. Following the contradictory hearing the trial court on July 7, 1987 issued an order directing the DPS to issue to plaintiff a restricted driver's license for the full ninety days suspension period. The DPS obtained a suspensive appeal. Plaintiff sought writs from this court. We granted the writs and ordered a stay of the proceedings pending our review.
The sole issue on the appeal is the authority of the trial court to order the issuance of a restricted license during the full ninety day suspension period. The DPS argues that in view of the provisions of R.S. 32:667(B)(1) and R.S. 32:668(B)(1)(c) the trial court erred in ordering the issuance of a restricted license during the first thirty days of the suspension period. We do not agree and hence, for the reasons hereinafter stated, affirm the judgment of the trial court.
Counsel for DPS contends the trial court mistakenly relied on the referral by R.S. 32:668(C)[1] to R.S. 32:414 for its authority to grant the restricted license for the full ninety days. He argues that the referral is solely for the purpose of determining the nature of the review, i.e., the judicial review is a trial de novo. Based on these arguments he concluded:
"A driver who has not taken an appeal of his suspension never has standing in court until after he has served the mandatory 30 day period of suspension. Mr. Noustens has not, as yet, served this mandatory time and cannot be issued a restricted license until doing so. His restricted license will then be for a period of 60 days."
Plaintiff on the other hand argues that in addition to the judicial review granted by *237 R.S. 32:668(C) he was entitled to and sought review and relief under R.S. 32:415. 1, which provides in Subsection A(1) as follows:
"(F)ile a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The District Court is vested with jurisdictionto set the matter for contradictory hearing in open court upon ten days written notice to the Department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family."
Therefore, he concludes "Once the Trial Court makes a factual determination that `the lack of a license would deprive the person or his family of the necessities of life,' which is not disputed here, `the court may order that the person be granted ... a restricted license to enable the person to continue to support his family,' which is what the Trial court properly did in this case." and need not impose the restrictions imposed on the DPS by R.S. 32:667 and R.S. 32:668 for the granting of a hardship license. Moreover, plaintiff argues that the last statement of R.S. 32:668(C) is authority for the court to order the issuance of a restricted hardship license for the full ninety day period of the suspension.
Without doubt the legislative intent was to grant relief from the mandatory suspension of driving privileges in hardship cases. The relief can be granted by the administrative agency (DPS) under the provisions of R.S. 32:668, but subject to the limitations imposed by the statute, i.e., the restricted driving privileges cannot be granted in the first thirty days of the mandatory suspension. Additionally, the person whose driving privileges are subject to suspension may, instead of seeking relief from the DPS, apply directly to the courts pursuant to the provisions of R.S. 32:415.1, which does not prohibit the granting of restricted driving privileges during the first thirty days of the suspension.
Although the constitutional due process requirements of the federal and state constitutions mandate a procedure for judicial review of the administrative decisions, it does not follow that the legislature cannot grant greater authority for relief to the judiciary. Rather, there are good and valid reasons for doing so which are amply demonstrated in this case.
Here, driving a vehicle was absolutely necessary for plaintiff to perform his job assignments; hence, suspension of his driving privileges for any period would have been tantamount to termination of the employment. The employment had been obtained a week or so before the conviction and only after plaintiff had been unemployed in excess of one year. Hence, relief from any suspension was necessary to protect his employment.
Once the trial judge found the lack of a driver's license would deprive him of his employment and hence the necessities of life for his family, he was authorized to and did order the issuance to him of restricted driving privileges as he was authorized to do under the provisions of R.S. 32:415.1.
Accordingly, we affirm the ruling of the trial court.
AFFIRMED.
NOTES
[1] The pertinent provisions of R.S. 32:667 and 668 provide as follows:

R.S. 32:667(B)(1).
"B. If such written request is not made by the end of the thirty day period, the personal license shall be suspended as follows:
(1) If the person submitted to a test and the test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, his driving privileges shall be suspended for ninety days from the date of suspension on first offense violation without elegibility for a hardship license, for the first thirty days ..."
R.S. 32:668.
"B. In a case of first refusal or submission to a test for intoxication and when there has been no prior suspension of the driver's license, if suspension is otherwise proper, upon a showing of proof satisfactory to the department that the suspension of driving privileges would prevent the person from earning a livelihood, the department may:
* * * * * *
(c) No person who has refused a chemical test for intoxication is eligible for a restricted license for the first ninety days of the suspension. When a person submits to a chemical test and the results shown an alcohol level of .10 percent above by weight of alcohol he is not eligible for a restricted license for the first thirty days of the suspension"
* * * * * *
"C. After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the Department of Public Safety and Corrections in the same manner and under the same conditions as is provided in R.S. 32:414 in the cases of suspension, revocation, and cancellation of the licenses. The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B."