554 So.2d 207 (1989)
Charles W. ALLEN, Jr., Plaintiff,
v.
STATE of Louisiana DEPARTMENT OF PUBLIC SAFETY, Defendant.
No. 20972-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
*208 James R. Phillips, Bossier City, for defendant-appellant.
Charles W. Allen, Jr. and James C. McMichael of Blanchard, Walker, O'Quin & Roberts, Shreveport, for plaintiff-appellee.
Before MARVIN, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Charles W. Allen, Jr, plaintiff, was stopped on May 26, 1988 by a Shreveport patrolman who observed him operating an automobile at an excessive rate of speed. A strong odor of alcohol was detected on plaintiff's breath, and he was placed under arrest for DWI. After requesting that plaintiff submit to a chemical analysis for intoxication, the officer properly admonished that a refusal to do so would cause a suspension of driving privileges as provided by the Implied Consent Law, LSA-R.S. 32:661 et seq. It was also explained to plaintiff that a similar suspension would result if a test were taken and yielded a blood alcohol level of .10 percent or above.
Being thus provided the statutorily required information, plaintiff agreed to undergo a photoelectric intoximeter test, a so-called "breath test." Several ostensible attempts by him to blow into the machine failed to produce any type of reading. Consequently, having deemed plaintiff's actions tantamount to a refusal to take the test, the Department of Public Safety and Corrections (the department) ordered a 180 day suspension of his driving privileges pursuant to LSA-R.S. 32:667.
Plaintiff subsequently requested an administrative hearing, LSA-R.S. 32:668, and alleged that he did not refuse to submit to the test but, rather, was unable to properly perform because of a medical problem. More particularly, it was contended that a hiatal hernia interfered with plaintiff's ability to breathe deeply and then forcibly exhale, an assertion plaintiff sought to support with letters from his physicians. The administrative law judge, however, affirmed the suspension, finding that plaintiff had refused the test and had not "provided substantial evidence to disprove any of the issues contained in the officer's sworn report."
In conformity to LSA-R.S. 32:668 C, plaintiff next filed a petition in the appropriate district court and requested review of the final order of suspension. He advanced the same contention concerning his medical inability to complete the test and, accordingly, prayed for a reversal of the earlier decision. Alternatively, if the suspension were upheld, plaintiff requested the district court to grant him restricted driving privileges "pursuant to the provisions of La.R.S. 32:415.1," a statute authorizing an "economic hardship" license during some forms of suspensions. Judgment affirming the suspension was rendered; however, plaintiff secured the right to drive to, from, and during work.
Arguing that the restricted driving privileges were erroneously granted, the department has appealed. Plaintiff has answered the appeal and asks that his suspension be categorically overturned. For the reasons hereinafter expressed, we amend the judgment so that restricted driving privileges are awarded only for the last 90 days of the 180 day suspension.

DISCUSSION

A.
Plaintiff cites Jaubert v. Department of Public Safety, 323 So.2d 212 (La. App. 4th Cir.1975), and contends that the burden of proving a refusal to submit to the test is initially on the department and remains there throughout the proceedings. He argues that, under that standard and the medical evidence submitted, the order of suspension must be reversed. However, despite placing the burden of proof as urged by plaintiff,[1] we conclude that the *209 department has adequately demonstrated a refusal to submit to the breath test.
A video tape of plaintiff's actions and conduct during the breath test was introduced as a joint exhibit at the administrative hearing. Our review of that item discloses that plaintiff, when initially questioned by the officer, indicated he had no health difficulties. Only after the testing procedure began did he mention having an "esophagus problem." In addition, the administering officer on several occasions during the test indicated that plaintiff, contrary to instructions, was placing his tongue over the mouthpiece and thus restricting the flow of his breath into the testing apparatus. Also, in those instances in which plaintiff blew into the machine for a sustained period, he ceased exhaling just before a test result could be obtained, notwithstanding the officer's encouragement to continue. Plaintiff's entire pre-testing demeanor, including expressions about having his own doctor administer a test, demonstrates apprehension and ambivalence about submitting to the analysis and lends credence to the officer's charges of uncooperativeness.
While the physicians' letters establish the presence of a hiatal hernia which may on occasion hinder respiration, no medical evidence reveals that the condition caused a problem in this particular instance. The doctors' statements recite plaintiff's complaints, the medical test results, and an ultimate diagnosis. Interestingly, however, there is no clear indication that plaintiff's complaints previously had been expressed to his physicians or had required treatment. Finally, both statements, as judged by their dates, were compiled after plaintiff's arrest, and yet the department was unable to cross-examine either doctor concerning his opinion.
As previously mentioned, statutory language commands a 180 day suspension of driving privileges for a first refusal to submit to a chemical test for intoxication. LSA-R.S. 32:667 B(2). The evidence of record, recapitulated above, adequately supports the district court's affirmance of such a suspension in this case.

B.
We next address the department's contention that, under the facts of this case, restricted driving privileges are available only during the last 90 days of the 180 day suspension. Our review of both the relevant statutes and the jurisprudence convinces us of the correctness of that position.
The Implied Consent Law contains authorization for hardship licenses. LSA-R.S. 32:668 B(1)(a) and (b). But, § 668 B(1)(c) states in pertinent part, "No person who has refused a chemical test for intoxication is eligible for a restricted license for the first 90 days of the suspension." Moreover, the provision authorizing judicial review of an administrative decision, § 668 C, reads as follows:
After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the Department of Public Safety and Corrections in the same manner and under the same conditions as ... in the cases of suspension, revocation, and cancellation of licenses. The court in its review ... may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B. (Emphasis added.)
When construed together, then, the foregoing statutory expressions clearly prohibit a court from awarding restricted driving privileges for the first 90 days of a suspension when a motorist has refused the chemical test for intoxication.
Additionally, this court has specifically held that the general provisions for hardship licenses, LSA-R.S. 32:415.1, have no application to cases of refusal to submit to a test for intoxication, and that one whose *210 license has been suspended for such a refusal is not eligible for a hardship license during the first 90 days of suspension. Bamburg v. State, Department of Public Safety, 499 So.2d 215 (La.App. 2d Cir.1986). To the extent that the case of Noustens v. State of Louisiana, 524 So.2d 235 (La.App. 5th Cir.1988), writ denied, 531 So.2d 476 (La.1988), cited by plaintiff, provides for a contrary result, we decline to follow it.

CONCLUSION
For the reasons discussed above, the judgment appealed is amended to allow plaintiff restricted driving privileges only during the last 90 days of his 180 day suspension, but it is affirmed in all other respects. All costs of this appeal are to be borne by plaintiff-appellee.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] We also realize that this court in McWhiney v. Department of Public Safety, 514 So.2d 1202 (La.App. 2d Cir.1987), indicated that under the circumstances of that case the department was confronted with the burden of proof under LSA-R.S. 32:661 et seq. However, that burden is not invariably so fixed. See Meyer v. State of Louisiana, Department of Public Safety, License Control and Driver Improvement Division, 312 So.2d 289 (La.1975). Thus, depending upon the facts in dispute, the suspended motorist may face the requirement of proving his allegations.