STOKER, Judge.
The Department of Public Safety has appealed the judgment of the trial court which granted a hardship license to the plaintiff, Robert A. Schott. The sole issue on appeal is plaintiff's entitlement to a hardship license.
Robert A. Schott was arrested and charged with driving while intoxicated, a violation of LSA-R.S. 14:98, on October 10, 1987. He was given his constitutional warnings and asked to submit to a breath test which he refused to do. Plaintiff’s 30-day temporary license expired on November 9, 1987. Pursuant to LSA-R.S. 32:667 B(2), plaintiffs driving privileges were suspended for 180 days beginning November 10, 1987. Plaintiff then filed a petition for restricted driving privileges and a temporary restraining order in the district court pursuant to LSA-R.S. 415.1 A(l). On December 15, 1987 the Department was enjoined from any further suspension of plaintiffs driving privileges pending the outcome of the litigation. At the time the temporary restraining order was issued, the period during which plaintiffs license had been suspended was only 36 days. The parties stipulated that plaintiff has a definite economic necessity for a license.
On August 11, 1988 the trial court ordered judgment in favor of plaintiff granting him restricted driving privileges. The trial court’s reasons for granting judgment in plaintiff’s favor were economic necessity and reliance on Noustens v. State of Louisiana, Department of Public Safety, 524 So.2d 235 (La.App. 5th Cir.), writ denied, 531 So.2d 476 (La.1988). The Department has appealed the trial court’s judgment.
The Department argues on appeal that plaintiff is not entitled to a hardship license because LSA-R.S. 32:668 B(l)(c) mandates that a person who has refused to submit to a test for intoxication is not eligible for a restricted license for the first 90 days of the suspension and plaintiff was not eligible after only 36 days. The Department asserts that the Noustens case is inapplicable to the case before us. Plaintiff maintains that the Noustens case is controlling.
As we read the statutes involved, LSA-R.S. 32:414, 32:415.1, 32:667 and 32:66s,[1] *1001 we find that two different circumstances are presented which determine the applicability of- each. LSA-R.S. 32:414 and 415.1 are invoked upon conviction and sentence for DWI, while LSA-R.S. 32:667 and 668 come into play upon arrest for suspicion of DWI. They are parallel statutory schemes as we see it. LSA-R.S. 32:667 F provides that, “When a license has been suspended under the provisions of this Section and the person is also convicted of or pleads guilty to an offense arising out of the same occurrence, any suspension of license imposed for such offense shall run concurrently with the suspension provided by this Section and the total period of suspension shall not exceed the longer of the two periods.” LSA-R.S. 32:414 and 668 clearly provide for two separate periods of suspension which may be imposed by the Department and the corresponding avenues to obtain relief from those suspensions are found in LSA-R.S. 32:415.1 and 668, respectively.
Plaintiff herein was not convicted of the offense with which he was charged and was simply under suspension pursuant to LSA-R.S. 32:667 B(2). LSA-R.S. 32:668 B(l)(c) renders one such as plaintiff ineligible for restricted driving privileges for the first 90 days of the 180-day period of suspension. Even under LSA-R.S. 32:668 C, which provides for judicial review of an order of suspension, the court may only order the Department to grant restricted driving privileges where appropriate under LSA-R.S. 32:668 B. Plaintiff is not eligible under LSA-R.S. 32:668 B for restricted driving privileges. We find that plaintiff is not entitled to relief under LSA-R.S. 32:415.1. See Bamburg v. State, Department of Public Safety, 499 So.2d 215 (La.App. 2d Cir.1986); Hendryx v. State, Department of Public Safety, 311 So.2d 547 (La.App. 3d Cir.1975); Spencer v. State, Department of Public Safety, 315 So.2d 912 (La.App. 4th Cir.1975); Allen v. State of Louisiana, Department of Public Safe *1002 ty, 554 So.2d 207 (La.App. 2d Cir.1989), No. 20,972-CA on the docket of the Court of Appeal for the Second Circuit, State of Louisiana. We disagree with the rationale and holding of the Noustens case and decline to follow it.
We conclude and so hold that plaintiff was ineligible for restricted driving privileges at the time he petitioned the court below. The trial court erred in granting restricted driving privileges to plaintiff. Accordingly, we reverse and set aside the judgment of the trial court. Costs of this appeal are assessed to the plaintiff-appel-lee.
REVERSED.

. The pertinent parts of those statutes are:
§ 414. Suspension, revocation, and cancellation of licenses; judicial review
A. (1) The department shall suspend the license of any person for a period of sixty days upon receiving, from any district, city, or municipal court having traffic jurisdiction, or from any federal court or magistrate having traffic jurisdiction, within the territorial limits of the state, satisfactory evidence of the conviction or of the entry of a plea of guilty or nolo conten-dere and sentence thereupon or of the forfeiture of bail of any such person charged with the first offense for operating a motor vehicle while under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous system stimulants. The department shall promptly investigate an allegation made by such licensee that the suspension of his driving privileges will deprive him or his family of the necessities of life, or will prevent him from earning a livelihood. If the department so finds, it may reinstate the license of such licensee; however, such suspension and reinstatement shall be considered as a first suspension and grant of restricted driving privileges for the purposes of R.S. 32:415.1 and the driving privileges of the licensee shall be restricted as provided in R.S. 32:415.1 for a period of sixty days from the date of conviction or the entry of a plea of guilty or nolo conten-dere and sentence thereupon or of the forfeiture of bail. Notice of said restriction shall be attached to the license.
§ 415.1 Economic hardship appeal of driver’s license suspension
A. (1) Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the *1001 person be granted, by the department, a restricted license to enable the person to continue to support his family. The restrictions of said license shall be determined by the court and shall include the following:
§ 667. Seizure of license; circumstances; temporary license
* * * * * *
B. If such written request is not made by the end of the thirty day period, the person's license shall be suspended as follows:
******
(2) If the person had refused to submit to the test, his driving privileges shall be suspended for one hundred and eighty days from the date of suspension on first refusal and five hundred forty-five days from the date of suspension without benefit of eligibility for a hardship license on the second and subsequent refusals occurring within five years of the first refusal.
§ 668. Procedure following revocation or denial of license; hearing; court review; review of final order; restricted licenses
******
B. (1) In a case of first refusal or submission to a test for intoxication and when there has been no prior suspension of the driver’s license, if suspension is otherwise proper, upon a showing of proof satisfactory to the department that the suspension of driving privileges would prevent the person from earning a livelihood, the department may:
(a)Require the licensee to surrender his regular license and issue in its stead at a cost to the person of fifty dollars plus the cost of the license a special restricted operator's license designated as such by a large red R printed on the face of the license, to be effective for the remaining period of suspension.
(b) Designate in writing, and upon application of the person to amend as necessary, the routes over which and the times during which the restricted licensee shall be permitted to operate designated motor vehicles in order to earn his livelihood, which written restrictions shall be attached to the restricted license and kept with it at all times.
(c) No person who has refused a chemical test for intoxication is eligible for a restricted license for the first ninety days of the suspension. When a person submits to a chemical test and the results show an alcohol level of .10 percent or above by weight of alcohol he is not eligible for a restricted license for the first thirty days of the suspension.
* * * * * *
C. After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the Department of Public Safety and Corrections in the same manner and under the same conditions as is provided in R.S. 32:414 in the cases of suspension, revocation, and cancellation of licenses. The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B.