558 So.2d 1333 (1990)
Leslie BOE
v.
STATE of Louisiana, Through the DEPARTMENT OF PUBLIC SAFETY.
No. 89-CA-0925.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1990.
Dan L. Gilbert, New Orleans, for plaintiff/appellant.
Robert L. Roshto, Deputy Gen. Counsel, Louisiana Dept. of Public Safety, Baton Rouge, for defendant/appellee.
Before SCHOTT, C.J., and KLEES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Plaintiff, Leslie Boe, appeals a trial court judgment refusing to grant him a restricted driver's license after being arrested for operating a motor vehicle while intoxicated three times, and refusing to take a chemical test for intoxication each time. We affirm.
The defendant herein, the State of Louisiana, through the Department of Public Safety [and Corrections] (the DPSC), and the plaintiff, stipulated to the following facts. Plaintiff was arrested on or about September 9, 1988, by New Orleans police officers and charged with operating a motor vehicle while intoxicated, a violation of La.R.S. 14:98. At the time of his arrest plaintiff refused to submit to a chemical breath test as provided by La.R.S. 32:661, et seq. Plaintiff had been arrested on two prior occasions for operating a motor vehicle while intoxicated, but was not convicted for either of those violations. At the time of each of those arrests plaintiff refused to take a chemical breath test for intoxication, and as a result, had his driver's license twice suspended by the DPSC.
*1334 It was further stipulated by the parties that, as a result of plaintiff's refusal to submit to the breath test after his September, 1988, arrest, the State suspended his driver's license a third time. Pursuant to his request made under La.R.S. 32:667 and R.S. 32:668 plaintiff was afforded an administrative hearing at which his suspension was upheld. Plaintiff's driver's license was suspended for five hundred and forty-five (545) days commencing December 1, 1988. Finally, it was stipulated that the loss of plaintiff's driver's license would prohibit him from earning a livelihood and result in economic hardship to him.
Following the exhaustion of his administrative remedies, plaintiff filed a petition in district court pursuant to La.R.S. 32:668(C), seeking a "restrictive operator's license," provided for under La.R.S. 32:668(B). The matter was submitted on memoranda, oral argument, and the previously mentioned stipulations of fact. The trial court, without reasons, denied plaintiff's prayer for relief and dismissed his petition.
On appeal plaintiff frames the issue as:
"Whether a Trial Court must order the Department of Public Safety [and Corrections] to issue a citizen a drivers license upon a showing that loss of the drivers license will result in economic hardship on the citizen ..."
La.R.S. 32:668(B)(1) is the statute which gives the DPSC the authority to issue a restricted license in cases where suspension is warranted. It states in pertinent part:
"In case of a first refusal or submission to a test for intoxication and when there has been no prior suspension of the driver's license, if suspension is otherwise proper, upon a showing of proof satisfactory to the department that the suspension of driving privileges would prevent the person from earning a livelihood, the department may ... [issue the person a `special restricted operator's license']." (emphasis ours)
The DPSC refused to issue plaintiff a restricted license so plaintiff filed this action in district court. This was done under the authority of La.R.S. 32:668(C) which provides:
"After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the Department of Public Safety and Corrections in the same manner and under the same conditions as is provided in R.S. 32:414 in the cases of suspension, revocation, and cancellation of licenses. The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B." (emphasis ours)
A referral to La.R.S. 32:414 simply leads, in turn, to La.R.S. 32:415.1(A)(1) which states in pertinent part:
"Upon suspension, revocation, or cancellation of a person's driver's license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family...." (emphasis ours)
*1335 La.R.S. 32:661 et seq., a section of Title 32 of the Louisiana Revised Statutes, which includes R.S. 32:668, is entitled, "Tests For Suspected Drunken Drivers." This section addresses the testing of persons suspected of operating motor vehicles and motor powered watercraft while under the influence of alcoholic beverages or controlled dangerous substances. This section also prescribes the sanction for persons who either refuse to submit to a chemical test for intoxication, or those who submit to such a test, the results of which show a blood alcohol level of .10 percent or abovethe sanction does not rest on a conviction of the person for an offense. The sanction provided under this section is the suspension of the person's driver's license. In addition, the section governs the administrative procedures involved in sanctioning the affected person, including provisions affording administrative hearings. Finally, the section provides for review of the administrative procedures by an "appropriate" court. However, rather than set forth the procedures involved in petitioning the court for review, the drafters simply referred back to La.R.S. 32:414, which in turn refers to La.R.S. 32:415.1.
The trial court gave no reasons for dismissing plaintiff's petition. La.R.S. 32:668(B), which gives the DPSC the statutory authority to issue a restricted driver's license, by its plain language, predicates the issuance of such a license upon two conditions; first, it must be the first time the person has refused to submit to a chemical test for intoxication, and second, there must have been no prior suspensions of the person's driver's license. In the instant case plaintiff fails to meet either of the conditions. He stipulated that, prior to the instant case he twice refused to take the chemical test for intoxication, and as a result, had his driver's license suspended each time.
Plaintiff claims that on judicial review of a DPSC action as provided under La.R.S. 32:668(C), a court may order the agency to issue a restricted driver's license even in a case such as the instant one, where the person does not meet the conditions set out in R.S. 32:668(B). Plaintiff bases his argument on a decision by another appellate court of this state, Noustens v. State of Louisiana through the Department of Public Safety, 524 So.2d 235 (La.App. 5th Cir.1988).
We find that Noustens has no application to the facts in the instant case. The Noustens court did not reach the question of whether, under R.S. 32:668(C), a court can order the DPSC to issue a restricted license when the DPSC itself is not authorized by law to do so. This is the issue before us in the instant case.
Under R.S. 32:668(C), upon review of the DPSC action, a court may "exercise any action it deems necessary under the law, including ordering the [DPSC] to grant the person restricted driving privileges where appropriate, as provided in [R.S. 32:668] Subsection B" (emphasis ours). We read this clause of the statute as a grant of authority to the courts to order the DPSC to do anything it is empowered to do under the applicable statutory scheme, including R.S. 32:668(B). Under the applicable statutory scheme, R.S. 32:668(B) authorizes the DPSC to issue a restricted driver's license only to a person who has never before refused to submit to a test for intoxication and who has never before had his license suspended. Neither the trial court nor this court has the authority to order the DPSC to issue plaintiff a restricted license where such issuance is otherwise prohibited by statute.
Plaintiff is incorrect when he argues that once the trial court reached the factual conclusion that he could not work without a driver's license, "it was empowered by [R.S. 32:] 668(C)" to issue him a restricted driver's license.
Even if plaintiff was entitled to have a restricted license issued under the dictates of R.S. 32:415.1, that statute only authorizes the issuance of such a license after the suspension, revocation, or cancellation *1336 of a person's driver's license "for the first time only." There are a number of cases confirming that La.R.S. 32:415.1 only authorizes the issuance of a restricted driver's license to a person whose driver's license has been suspended for the first time. See Cartaginese v. State, Department of Public Safety, 485 So.2d 649 (La. App. 4th Cir.1986); Kleckley v. State, Department of Public Safety, 502 So.2d 213 (La.App. 3rd Cir.1987); Matranga v. Louisiana Department of Public Safety, 486 So.2d 1043 (La.App. 2d Cir.1986); Sibley v. Louisiana Department of Public Safety, 385 So.2d 505 (La.App. 1st Cir.1980).
Finally, La.R.S. 32:668(B) states that if the affected person meets the previously discussed conditions, the DPSC "may" issue a restricted license. The issuance of the license is discretionary. Similarly, on judicial review under R.S. 32:668(C), a court "may" order the DPSC to issue a restricted license subject to the limitations imposed under the statutory scheme. Even if the trial court had the power to order the DPSC to issue plaintiff a restricted license, considering his prior refusals to submit to the breath test, and the prior suspensions of his driver's license, we would find no abuse of discretion in the trial court's refusal to grant plaintiff a restricted driver's license.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.