KING, Judge.
The sole issue presented by this appeal is whether the trial court was correct in granting plaintiff a hardship-restricted drivers license.
Roger C. Dixon (hereinafter plaintiff) was found asleep in his ear by a law enforcement officer who detected the presence of alcohol on his breath. The officer administered a field sobriety test, which plaintiff failed, and plaintiff refused to take a chemical test for intoxication. Plaintiff was notified that his drivers license would be automatically suspended for 180 days, under the provisions of La. R.S. 32:667(B)(2), as a result of his refusal to submit to a chemical test for intoxication.
Plaintiff requested an administrative hearing. The State of Louisiana through the Department of Public Safety (hereinafter defendant), held an administrative hearing and upheld the suspension. Plain *131 tiff then filed a suit against the defendant in the District Court requesting a hardship-restricted drivers license. Defendant opposed the grant of a hardship-restricted drivers license on the basis that it could not be granted during the period of the first 90 days of the 180 day automatic suspension for failure to take a chemical test for intoxication. La.R.S. 32:668 B(l)(c). ■
After a trial on the merits, where the defendant was not represented, having waived its appearance, the trial court granted plaintiff a hardship-restricted drivers license. A formal written judgment was signed on March 2, 1989. Defendant timely perfected this devolutive appeal. We reverse.
FACTS
On November 8, 1988, plaintiff was found asleep in his vehicle, which was parked in the left-hand driving lane of U.S. 171 in Vernon Parish, Louisiana, by a law enforcement officer. The officer detected alcohol on plaintiffs breath and administered a field sobriety test. Plaintiff failed the field sobriety test and refused an alcohol breath test. As a consequence of this refusal, plaintiff was notified that his drivers license would be suspended for a period of 180 days in accordance with La.R.S. 32:667(B)(2). Plaintiff requested an administrative hearing to contest the suspension of his drivers license.
Defendant held an administrative hearing on January 9, 1989, in accordance with La.R.S. 32:668. The suspension of plaintiff’s drivers license, for failure to submit to a chemical test for intoxication, was upheld and plaintiff received a letter from defendant on January 17, 1989 notifying him that his driving privileges were suspended, as of January 17, 1989, for 180 days under the provisions of La.R.S. 32:667(B)(2).
On the same day, January 17, 1989, plaintiff filed a rule in the Thirtieth Judicial District Court seeking a hardship-restricted drivers license, alleging that the revocation of his driving privileges would deprive him of the necessities of life by preventing him from earning a livelihood and thus impose an undue economic hardship on him.
The trial court held a hearing on March 1, 1989, at which the defendant was not represented, having waived its appearance. The trial court rendered judgment for plaintiff granting him a hardship-restricted drivers license. A formal written judgment was signed March 2, 1989, granting plaintiff a hardship-restricted drivers license and authorizing him to drive from his home to his place of employment and also to operate a motor vehicle in connection with his employment. The trial court further ordered that plaintiff was to maintain in effect his liability insurance as mandated by state law. The trial court did not assign written or oral reasons for its judgment. Plaintiff’s filing of his rule seeking a hardship-restricted drivers license, the hearing on the rule, and rendition of the judgment all occurred within the 90 days from the date plaintiff’s drivers license was first suspended.
DECISION
Defendant contends that the trial court erred in granting plaintiff a hardship-restricted drivers license during the first 90 day period of an automatic 180 day suspension for failure to take a chemical test for intoxication. Plaintiff, on the other hand, contends that a total suspension of his driving privileges during such time constitutes an undue hardship.
It is not contested that defendant correctly followed the procedure for suspending plaintiff’s driving privileges in accordance with the relevant statutes constituting the Implied Consent Law. After defendant refused to take a chemical test, after being placed under arrest for first offense DWI in violation of La.R.S. 14:98, the defendant notified plaintiff that it would suspend plaintiff’s driving privileges for 180 days, as provided by La.R.S. 32:667(B)(2). Upon plaintiff’s request, defendant then held an administrative hearing, as provided by La. R.S. 32:668 A, where plaintiff’s suspension was reviewed and upheld.
Plaintiff then filed suit in District Court, seeking a hardship-restricted drivers li *132 cense by alleging that the suspension would cause him undue economic hardship. Plaintiff argued that he was entitled to a hardship-restricted drivers license from the court under the provisions of La.R.S. 32:414 and La.R.S. 32:415.1.
The Louisiana Appellate Courts have held that the provisions of La.R.S. 32:414 and La.R.S. 32:415.1 do not apply to the first 90 day period of an automatic 180 day suspension where a drivers license has been suspended because of a driver’s refusal to take a chemical test for intoxication. See, Boe v. State, Department of Public Safety, 558 So.2d 1333 (La.App. 4 Cir.1990); Schott v. State, Department of Public Safety, 556 So.2d 999 (La.App. 3 Cir.1990); Allen v. State, DPS, 554 So.2d 207 (La. App. 2 Cir.1989); Bamburg v. State, DPS, 499 So.2d 215 (La.App. 2 Cir.1986); Hendryz v. State, DPS, 311 So.2d 547 (La.App. 3 Cir.1975); Spencer v. State, DPS, 315 So.2d 912 (La.App. 4 Cir.1975). These statutes can only be invoked after a conviction and sentence for DWI.
The statute which is applicable where a driver has refused a chemical test for intoxication is La.R.S. 32:668. See, Schott, supra, at page 1001; Allen, supra, at page 209. In Allen, the Court held that, upon suspension, an administrative hearing may be held and a person may be granted a restricted driving privilege if the Department finds that suspension of driving privileges would deprive the person of earning a livelihood, and that La.R.S. 32:668 B also states that, “No person who has refused a chemical test for intoxication is eligible for a restricted license for the first ninety days of the suspension.” La.R.S. 32:668 B(l)(c). The Court also noted that the statute provides that “The court in its review of the final order of suspension ... may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B.” (Emphasis supplied.) La.R.S. 32:668 C. When Section B(l)(c) and Section C of La.R.S. 32:668 are construed together they clearly prohibit a court from awarding restricted driving privileges for the first 90 days of a 180 day automatic suspension when a motorist has refused to submit to a chemical test for intoxication. Schott, supra, at page 1001; Allen, supra, at page 209.
Plaintiff argues on appeal that Noustens v. State, DPS, 524 So.2d 235 (La.App. 5 Cir.1988), writ den., 531 So.2d 476 (La. 1988), is controlling. In that case, the plaintiff, Noustens, took a breath alcohol test and was found to have a blood alcohol level above .10 percent. He pled guilty to DWI and his license was suspended. The trial court granted Noustens a restricted license even though he had not served the first 30 days of the suspension as required by the second part of La.R.S. 32:668 B(1)(c) which applies when a driver has submitted to a chemical test and the results show an alcohol level of .10 percent or above by weight of alcohol. The Fifth Circuit, Louisiana Court of Appeal affirmed the trial court decision.
Plaintiff argues that the trial judge must have relied on Noustens when rendering his judgment in this matter. The trial judge gave no written or oral reasons for judgment so it is pure speculation as to what rationale the trial judge used in rendering his judgment. However, this court recently has refused to follow Noustens. As we stated in Schott v. State, Dept. of Public Safety, supra, “[w]e disagree with the rationale and holding of the Noustens case and decline to follow it.” Schott, supra, at page 1002. We note that the Second Circuit, Louisiana Court of Appeal has also declined to follow Noustens. Allen, supra, at page 210.
For these reasons, we find that the trial court was manifestly in error and clearly wrong in granting plaintiff a hardship-restricted drivers license at the time he petitioned and obtained such relief from the District Court. The trial court clearly erred in granting plaintiff a hardship-restricted driving license during the first 90 days of the period when his license was automatically under suspension for 180 days for failing to take a breath alcohol test. Accordingly, we reverse and set aside the judgment of the trial court. All *133 costs of this appeal are assessed to plaintiff-appellee.
REVERSED.