GRISBAUM, Judge.
This is an appeal by the Louisiana Department of Public Safety and Corrections (the Department) from a judgment granting plaintiff-appellee a restricted driver’s license. We reverse.
ISSUES
(1) Whether plaintiff is entitled to a restricted driver’s license, and
(2) Whether this Court is empowered to decide the proper avenue for appealing a judgment involving the issuance of a restricted driver’s license.
PACTS
On December 25, 1986, Donald McLean was arrested and charged with driving while intoxicated in violation of La.R.S. 14:98. Pursuant to that arrest, his driver’s license was suspended for three months. Thereafter, on February 23, 1990, Mr. McLean again was arrested and charged with driving while intoxicated. He submitted to a breath analysis test which revealed his blood alcohol level to be .12 percent. Mr. McLean’s driver’s license was then suspended for one year.
On March 27, 1990, after failing to request an administrative hearing, Mr. McLean petitioned the district court for a restricted driver’s license. Following a hearing, the district court rendered a judgment *1068 ordering the Department to issue a hardship driver’s license to Mr. McLean.
The Department then obtained a suspen-sive appeal from the district court judgment. In response, Mr. McLean sought writs in this Court to convert the suspen-sive appeal into a devolutive appeal. We issued the following disposition:
WRIT GRANTED AND STAY ORDER ISSUED
The issues raised by relator appear to be res nova. Because of the peculiar facts and circumstances involved[,] we conclude that not to issue a stay or a vacating of the suspensive appeal will result in the period of suspension elapsing prior to a decision on the merits ... causing the issues raised to be moot and non-justiciable. See e.g. Noustens v. State, 524 So.2d 235 (La.App. 5th Cir.1988[)], writ denied[,] 531 So.2d 476 (La.1988).
Accordingly, we issue a stay order of the respondent’s suspensive appeal so the entire record can be reviewed on appeal.
IT IS ORDERED that the writ be granted and the suspensive appeal granted by the trial judge on April 20, 1990 be stayed. IT IS FURTHER ORDERED that the stayed suspensive appeal be and is hereby converted into a devolutive appeal.
The Department now appeals the trial court judgment ordering it to issue Mr. McLean a restricted driver’s license and challenges the propriety of a devolutive appeal under these circumstances.
ANALYSIS — ISSUE ONE
La.R.S. 32:667, in part, provides:

Text of introductory paragraph of sub-sec. A as amended by Acts 1985, No. 19^, § 1, eff. July 6, 1985.

A. When a law enforcement officer places a person under arrest for a violation of R.S. 14:98 or other law or ordinance that prohibits operating a vehicle while intoxicated and the person either refuses to submit to an approved chemical test for intoxication, or submits to such test and such test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, the following procedures shall apply:

Text of introductory paragraph of sub-sec. A as amended by Acts 1985, No. 816, § l.

[1]

A. When a law enforcement officer places a person under arrest for a violation of R.S. 14:98, or a violation of a parish or municipal ordinance prohibiting the operating of a vehicle while intoxicated, and the person either refuses to submit to an approved chemical test for intoxication, or submits to such test and such test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, the following procedures shall apply:
(1) The officer shall seize the driver’s license of the person under arrest and shall issue in its place a temporary receipt of license on a form approved by the Department of Public Safety and Corrections. Such temporary receipt shall authorize the person to whom it has been issued to operate a motor vehicle upon the public highways of this state for a period not to exceed thirty days from the date of arrest or as otherwise provided herein.
(2) The temporary receipt shall also provide and serve as notice to the person that he has not more than ten days from the date of arrest to make written request to the Department of Public Safety and Corrections for an administrative hearing in accordance with the provisions of R.S. 32:668.
(3) In a case where a person submits to an approved chemical test for intoxication but the results of the test are not immediately available, the law enforcement officer shall comply with Subpara-graphs (1) and (2) herein, and the person shall have ten days from the date of arrest to make written request for an *1069 administrative hearing. If after thirty days from the date of arrest the test results have not been received or the test results show an alcohol level of less than .10 percent by weight of alcohol in the blood, then no hearing shall be held and the license shall be returned without the payment of a reinstatement fee.
B. If such written request .is not made by the end of the thirty day period, the person’s license shall be suspended as follows:
(1) If the person submitted to the test and the test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, his driving privileges shall be suspended for ninety days from the date of suspension on first offense violation without eligibility for a hardship license, for the first thirty days and for three hundred sixty-five days from the date of suspension without eligibility for a hardship license on second and subsequent violations occurring within five years of the first offense.
(Emphasis added.)
Additionally, La.R.S. 32:668(B)(1), which gives the Department the authority to issue a restricted license in cases where suspension is warranted, states:
In a case of first refusal or submission to a test for intoxication and when there has been no prior suspension of the driver’s license, if suspension is otherwise proper, upon a showing of proof satisfactory to the department that the suspension of driving privileges would prevent the person from earning a livelihood, the department may: ... [issue the person a “special restricted operator’s license”].
(Emphasis added.)
La.R.S. 32:668(C), authorizing judicial review of administrative decisions, further provides:
After a person has exhausted his remedies with the department, he shall have the right to file a petition in the appropriate court for a review of the final order of suspension or denial by the Department of Public Safety and Corrections in the same manner and under the same conditions as is provided in R.S. 32:414 in the cases of suspension, revocation, and cancellation of licenses. The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B.
As noted in Boe v. State, 558 So.2d 1333, 1334 (La.App. 4th Cir.1990):
A referral [in La.R.S. 32:668(C)] to La.R.S. 32:414 simply leads, in turn, to La.R.S. 32:415.1(A)(1) which states in pertinent part:
“Upon suspension, revocation, or cancellation of a person’s driver’s license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family....”
(Emphasis in original.)
In light of our statutory scheme and considering our jurisprudential guidelines, we find that La.R.S. 32:667 and 668 are invoked upon arrest for suspicion of driving while intoxicated. It is only upon conviction and sentence for a DWI that La.R.S. 32:414 and 415.1 come into play. *1070 The reference in La.R.S. 32:668 to R.S. 32:414 is merely to set forth the procedures involved in petitioning the court for review. See Schott v. State of La., through Dep’t of Pub. Safety, 556 So.2d 999, 1000 (La.App. 3d Cir.1990) and Boe v. State, supra, at 1335. Moreover, La.R.S. 32:415.1 authorizes issuance of a restricted license only upon suspension of a person’s driver’s license “for the first time only,” not where there have been prior suspensions. Furthermore, we find it necessary to review that clause of La.R.S. 32:668(C) which states that the courts “may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B.” We interpret this clause as a grant of authority to order the Department to do anything it is empowered to do under the applicable statutory scheme, including La.R.S. 32:668(B). That statute allows the Department to issue a restricted license only to a person who has never before had his license suspended.
Mr. McLean has not been convicted of driving while intoxicated; thus, his eligibility for a restricted license must be evaluated under the provisions of La.R.S. 32:667 and 668. The record clearly shows that Mr. McLean’s driver’s license was suspended following his first DWI arrest in 1986. Ergo, since the current suspension is not Mr. McLean’s first, we find the trial court erroneously ordered the Department to issue him a restricted driver’s license.[2]
ISSUE TWO
We find that this Court is not empowered to decide what type of appeal, either devolutive or suspensive, is appropriate in all cases arising under this statutory scheme. Rather, we find that, as in cases involving preliminary and permanent injunctions, the trial court is vested with discretion in its determination that an appeal be devolutive or suspensive. As with all discretionary powers of the trial court, we, as a reviewing court, must abide by the trial court’s discretionary acts unless we find an abuse of that discretion. Only in that vein are we empowered to decide the nature of such an appeal.
For the reasons assigned, the judgment of the trial court is hereby reversed. All costs of this appeal are to be assessed against the appellee.
REVERSED.

. A review of the history of La.R.S. 32:667 reveals that both versions of paragraph A, virtually identical, remain in full force and effect. See La.Rev.Stat.Ann. § 32:667 (West 1989) (Historical Note).

. Since this case falls under La.R.S. 32:667 and 668 and because the present driver's license suspension is Mr. McLean’s second suspension within the past five years, we find this Court’s decision in Noustens v. State, 524 So.2d 235 (La.App. 5th Cir.1988), writ denied, 531 So.2d 476 (La.1988) is inapplicable.