LOBRANO, Judge.
The issue in this appeal is whether the District Court has the authority to grant a restricted driver’s license during the first ninety days of a one hundred eighty day suspension for failure to take a chemical test as required by law.
The Department of Public Safety and Corrections (DPSC) appeals a district court ruling which ordered that Yvonne Chalker be issued a hardship license during the entire one hundred eighty day suspension period. The DPSC does not contest Chalk-er’s entitlement to a “hardship” license, only the fact that it must be issued during the first ninety days of suspension. Chalk-er argues that the district court has the authority to issue a restricted license during the entire suspension period even though, under Revised Statute 32:668(B)(l)(c), DPSC does not. For the following reasons, we reverse.
Chalker was arrested December 15, 1990 and charged with a violation of La.R.S. 14:98, operating a vehicle while intoxicated. Chalker refused to take a breath test for intoxication, resulting in the automatic sus *949 pension of her driver’s license for 180 days La.R.S. 32:667(B)(2).
On January 28, 1991, the DPSC affirmed Chalker’s suspension in an administrative hearing held pursuant to La.R.S. 32:668(A). On February 1,1991, the DPSC sent Chalk-er official notice that her drivers license would be suspended for 180 days beginning March 1, 1991. On February 19, 1991 Chalker petitioned the Civil District Court for a restricted license on the grounds of economic hardship. The Court granted the restricted license for the entire 180 day suspension.
Initially we note that the Second and Third Circuits have held that district courts cannot order the DPSC to issue restricted licenses during the first 90 days of the 180 day automatic suspension period of La.R.S. 32:667(B)(2). Dixon v. State, through Dept. of Public Safety, 570 So.2d 130 (La.App. 3rd Cir.1990); Schott v. State, through Dept. of Public Safety, 556 So.2d 999 (La.App. 3rd Cir.1990); Allen v. State, through Dept. of Public Safety, 554 So.2d 207 (La.App. 2nd Cir.1989); Bamburg v. State, through Dept. of Public Safety, 499 So.2d 215 (La.App. 2nd Cir.1986). However, our brethren on the Fifth Circuit have reached a contrary result. Noustens v. State of Louisiana, Department of Public Safety, 524 So.2d 235 (La.App. 5th Cir. 1988), writ den. 531 So.2d 476 (La.1988).
Title 32 of the Louisiana Revised Statutes sets up two separate statutory schemes under which the DPSC may suspend the license of a driver who has been arrested for driving while intoxicated. One scheme appears in Chapter 2, Driver’s License Law, at sections 414-415.1. This scheme applies when a driver had pled guilty to or been convicted of driving while intoxicated. La.R.S. 32:414 and 415; See also Allen, supra, 554 So.2d at 209; Dixon, supra, 570 So.2d at 132; Schott, supra, 556 So.2d at 1001. The other scheme appears in Chapter 3, Miscellaneous Provisions, at sections 667-668. This scheme applies when a driver is suspected of driving while intoxicated and either fails or refuses to take a breath test. La.R.S. 32:667(A); See also, Allen, supra, 554 So.2d at 209; Dixon, supra, 570 So.2d at 132; Schott, supra, 556 So.2d at 1001.
Chalker’s license was suspended for one hundred eighty days under the provisions of R.S. 32:667(B)(2) for failure to take the breath test. The procedure for obtaining relief from that type of suspension is set forth in R.S. 32:668. The driver must first seek a restricted license on grounds of economic hardship in an administrative hearing held before the DPSC. An unfavorable DPSC ruling may then be appealed to the district court.
A district court’s review of a R.S. 32:667 suspension is limited to the authority contained in subsection C of R.S. 32:668. That subsection provides in part:
“... The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B. ” (emphasis added)
The language “where appropriate as provided in Subsection B” indicates that the district court may not order the DPSC to take action in contravention of subsection B of La.R.S. 32:668. Boe v. State, through the Department of Public Safety, 558 So.2d 1333 (La.App. 4th Cir.1990). Subsection B(1)(c) of La.R.S. 32:668 contains the following restriction on the power of the DPSC:
No person who has refused a chemical test for intoxication is eligible for a restricted license for the first ninety days of the suspension.
Because subsection B(l)(c) specifically provides that the DPSC may not issue a restricted license during the first 90 days of the 180 day automatic suspension period, and subsection C permits the district court to order the DPSC to issue restricted licenses only “where appropriate in subsection B,” we hold that the district court does not have authority to order the DPSC to issue restricted licenses during the first 90 days of the suspension period.
*950 Chalker argues, however, that she seeks relief under the provisions of R.S. 32:415.1 which does not limit the district court’s authority. In support, she cites Noustens, supra. We disagree.
By its own express terms, La.R.S. 32:415.1 applies only to suspensions imposed under La.R.S. 32:414 and 415:
“Upon suspension, revocation, or cancellation of a person’s drivers license for the first time only as provided, for under R.S. 32:414 and 32:415 said person after initial notice from the department, shall have the right to file a petition in the district court of the parish in which the applicant is domiciled alleging that the revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a likelihood ...”
Thus, according to its plain wording, R.S. 32:415.1 cannot be applied to review suspensions imposed under R.S. 32:667(B)(2). In our opinion this is where the Noustens court erred. On page 237 of that opinion the court quotes only a portion of R.S. 32:415.1 but fails to quote the initial qualifying phrase which limits its application to suspensions under R.S. 32:414 and 415.
It is obvious the legislature intended to limit the issuance of restricted licenses in those cases where a suspected drunk driver either failed a chemical test or refused to submit to one. We cannot reach any other conclusion.
Accordingly we reverse the judgment of the trial court, in part, and order the DPSC to issue Chalker a restricted license during the last ninety days of suspension only. No restrictive license can be issued during the first ninety days.
REVERSED AND RENDERED IN PART; AFFIRMED IN PART.