liPER CURIAM.
The salient issue in the present case is whether or not the trial court has the authority to grant a restricted driver’s license during the first thirty days of a ninety day suspension for failure to pass a breath analysis test under the Implied Consent Law.
Plaintiff-appellee, Jeffery G. Corley, was arrested on January 16, 1993, when he failed a breath analysis test. The Department sought to suspend plaintiffs driver’s license for ninety days under the Implied Consent Law, LSA-R.S. 32:661 et seq. Plaintiff filed a petition in the district court seeking to overturn the decision of the Department, or in the alternative, to obtain a restricted license. The trial court affirmed the suspension, but granted a restricted license for the entire period of the ninety day suspension. The Department appealed, arguing that it was error for the trial court to issue a hardship license for the first thirty days of the suspension period.
• LSA-R.S. 32:668(0, which provides for judicial review by a district court, states in part:
The court in its review of the final order of suspension or denial by the Department of Public Safety and Corrections may exercise any action it deems necessary under the law including ordering the department to grant the person restricted driving privileges where appropriate as provided in Subsection B.
LSA-R.S.. 32:668(B)(l)(c) provides in part:
When a person submits to a chemical test and the results show an alcohol level of .10 percent or above by weight of alcohol he is not eligible for a restricted license for the first thirty days of the suspension.
hThe jurisprudence has held that a district court cannot order the Department to take action in contravention of the mandatory suspension provisions of subsection B of LSA-R.S. 32:668. See Chalker v. Dept. of Public Safety, 593 So.2d 948 (La.App. 4th Cir.1992); Schott v. State, Dept. of Public Safety, 556 So.2d 999 (La.App. 3rd Cir.1990); and, Allen v. State, Dept. of Public Safety, 554 So.2d 207 (La.App. 2nd Cir.1989).[1]
For these reasons, that portion of the judgment of the trial court granting plaintiff-appellee a restricted driver’s license for the first thirty days of the suspension period is *937 reversed. The costs of this appeal are assessed against plaintiff-appellee.
AFFIRMED IN PART; AND REVERSED IN PART.

. We are aware of the 5 th Circuit’s ruling in Noustens v. State, Dept. of Public Safety, 524 So.2d 235 (La.App. 5th Cir.), writ denied, 531 So.2d 476 (La.1988), and we decline to follow it.