STOKER, Judge.
The Department of Public Safety (Department) appeals the trial court’s judgment granting Robert S. Walker (Walker) a hardship or restricted license pursuant to Walker’s request after suspension of his license for conviction of first offense D.W.I. The sole issue for our review is whether a previous suspension of Walker’s license for refusing to submit to a breath analysis test precludes his eligibility for a hardship license.
FACTS
On October 4, 1983, Walker’s license was suspended for refusal to submit to a breath analysis test to determine his level of intoxication. On June 1, 1988, Walker was charged with first offense D.W.I. On August 2, 1988 Walker pled “no contest” to the charge, and his license was suspended as a result.
Subsequently, Walker filed this suit requesting restricted driving privileges. The parties stipulated that there was no issue as to the need for a hardship license; rather, the parties submitted for decision Walker’s eligibility for the license in light of his previous suspension.
The trial court granted Walker a hardship license. We affirm.
OPINION
Under certain circumstances, and upon showing “hardship,” suspension of driving privileges may be relaxed by the grant of restricted drivers’ licenses. Under any circumstances, however, the law extends the privilege to a “first time” offender only.
As explained in a number of cases,[1] the legislature has provided two separate stat *624 utory schemes authorizing and directing suspension of driving privileges of persons who drive while intoxicated or under suspicion of doing so. The pertinent provisions are LSA-R.S. 32:667, 668 and LSA-R.S. 32:414, 415.1. Under both statutory-schemes, the Department is empowered to impose the suspension. Both statutory schemes provide for the granting of hardship-restricted driver’s licenses.
However, while the two schemes are parallel, they are not integrated. The two statutory schemes are separate and distinct. What constitutes a “first offense” is different under each statutory scheme. As noted in Schott v. State, Through DPS, 556 So.2d 999 (La.App.3d Cir.1990), LSA-R.S. 32:667 and 668 come into play upon arrest for suspicion of D.W.I., whereas LSA-R.S. 32:414 and 415.1 are invoked upon conviction and sentence. It is imperative that the proper scheme is employed in each set of circumstances. We cannot judicially integrate the two schemes.
LSA-R.S. 32:667 provides for suspension of driving privileges for a person who either refuses to submit to a chemical test for intoxication or whose blood alcohol level upon testing shows .10% or above in weight of alcohol. LSA-R.S. 32:668B(1) provides that if the refusal to take the test or the blood alcohol level would require suspension, but is the first such instance for the individual, a hardship-driver’s license may be granted. The scheme reflected in these statutory provisions covers situations involving suspension not based on the disposition of charges for violation of LSA-R.S. 14:98, the D.W.I. statute.
LSA-R.S. 32:414 provides for suspension of the driver’s license of any person who is convicted of first offense D.W.I. or who enters a plea of guilty or nolo contendere to first offense D.W.I. LSA-R.S. 32:415.1 provides that for a first offense only a person may apply for a hardship-restricted driver’s license where his license has been suspended, revoked, or cancelled under LSA-R.S. 32:414.
In the case now before us, the Department alleges that Walker’s license was suspended in 1988 pursuant to an alcohol breath test which revealed a blood alcohol content of .10 or above. Accordingly, the Department contends that Walker’s license was suspended under LSA-R.S. 32:667. Since Walker’s license had previously been suspended under LSA-R.S. 32:667 for refusal to submit to a breath analysis test, the Department maintains that LSA-R.S. 32:668 mandates a denial of the restricted driving privileges.
If in fact the Department did suspend Walker’s license in 1988 pursuant to his submission to the breath analysis test, we would agree that LSA-R.S. 32:668 would mandate a denial of restricted driving privileges. Granata v. Department of Public Safety, 583 So.2d 872 (La.App.lst Cir.1991). However, in the case at hand, we find no evidence of a suspension based on a breath analysis test pursuant to LSA-R.S. 32:667. The record reveals that Walker’s license was suspended under LSA-R.S. 32:414 pursuant to his conviction for D.W.I. At page seventeen of the record there is a dim uncertified copy of what appears to be a printout relating to a Robert S. Walker, which we suspect purports to reflect information concerning the individual’s driving record. Even if it was introduced into evidence, we do not know who issued it, and we cannot interpret the information. Therefore, there was no evidence before the trial court that the Department did in fact suspend plaintiff’s driving privileges under LSA-R.S. 32:667 et seq.
On the other hand, at pages twenty-seven and thirty-two of the record, we find exhibits (A and E) attached to plaintiff's memorandum submitted to the trial court. These exhibits are copies of a printed form of the Office of Motor Vehicles, Louisiana Department of Public Safety, dated October 31, 1988 advising plaintiff of the suspension of his driving privileges. Under *625 “REASONS FOR ACTION” appear the words “DRIVING WHILE INTOXICATED, FIRST CONVICTION (R.S. 32:414).” From the above we have to conclude that the Department misconceives the facts of this ease as well as the law.
On the basis of the evidence the trial court correctly employed LSA-R.S. 32:415.1 to determine eligibility for restricted driving privileges. Since refusal to submit to a breath analysis test is not an “offense” under LSA-R.S. 32:414, and Walker’s D.W.I. conviction was his first such offense, the trial court did not err in granting restricted driving privileges.
CONCLUSION
For the reasons given above, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the Department.
AFFIRMED.

. Dixon v. Dept. of Public Safety and Corr., 570 So.2d 130 (La.App.3d Cir.1990), writ denied 573 So.2d 1119 (La.1991); Schott v. State, Through DPS, 556 So.2d 999 (La.App.3d Cir.1990); Boe v. State, 558 So.2d 1333 (La.App.4th Cir.1990); Klibert v. Dept. of Public Safety and Corr., 557 *624 So.2d 447 (La.App.5th Cir.1990); and Mclean v. Dept. of Public Safety and Corr., 572 So.2d 1066 (La.App.5th Cir.1990).