STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-71


HAROLD BROOKS

VERSUS

LOUISIANA DEPT. OF PUBLIC SAFETY & CORRECTIONS


**********


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 10-C-3450-A
HONORABLE JAMES PAUL DOHERTY  JR., DISTRICT JUDGE


**********


SHANNON J. GREMILLION
JUDGE


**********


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and Shannon J. Gremillion, Judges.


AFFIRMED.

Jennifer Del Murray
Louisiana Dept. of Public Safety & Corrections
P. O. Box 66614
Baton Rouge, LA 70896
(225) 922-2311
Counsel for Defendant/Appellant:
Louisiana Dept. of Public Safety & Corrections

Chad Patrick Pitre
Attorney at Law
111 N. Court St.
Opelousas, LA 70570
(337) 942-8587
Counsel for Plaintiff/Appellee:
Harold Brooks

**GREMILLION, Judge.**

Harold Brooks was arrested by State Trooper Timothy Barlow on March 28, 2010 for violating La.R.S. 14:98, operating a vehicle while intoxicated. Barlow stopped Brooks on Louisiana Highway 182 in St. Landry Parish after he noticed Brooks crowding both the center line and the fog line of the road. Brooks exited his vehicle in an unsteady fashion and gripped the bed rail of his Chevrolet S-10 pickup to steady himself. Brooks consented to a field sobriety test, but was unable to follow Barlow's instructions. Barlow administered an intoxilizer test that registered Brooks' blood alcohol level at 0.123%. Barlow was then arrested Brooks and seized Brooks' commercial driver's license. Barlow issued Brooks a temporary receipt of license in accordance with La.R.S. 32:667(A)(1). At that time, Brooks signed a Request for Administrative Hearing form.

On March 31, 2010, the District Attorney for the 27th Judicial District dismissed the charges against Brooks.

Brooks was notified on May 24, 2010, that his administrative hearing was set for June 29, 2010. His attorney filed a motion to dismiss the administrative hearing. That motion was granted by the Administrative Law Judge on June 10, 2010. On June 23, Brooks requested rehearing of the order terminating his administrative adjudication. Because the request for rehearing was filed more than ten days after the June 10 order, it was denied pursuant to La.R.S. 49:959, the provision of the Administrative Procedures Act governing rehearing. That section mandates that requests for rehearing must be filed within ten days.

When his request for rehearing was denied, Brooks filed suit in the 27th Judicial District Court, seeking judicial review of his adjudication and reinstatement of his driver's license. The State, through the Department of Public Safety and Corrections, Office of Motor Vehicles (the State), filed exceptions of no

cause of action and lack of subject matter jurisdiction. It argued that Brooks' withdrawal of his request for an administrative hearing and his failure to timely request rehearing constituted a failure to exhaust his administrative remedies; therefore, the district court was without jurisdiction to hear the matter.

The trial court maintained the State's exceptions. It reasoned that Brooks' license had been suspended pursuant to La.R.S. 32:667, which did not require a conviction as a condition precedent to the suspension of his license. A judgment to that effect was signed by the trial court on August 18, 2010. Brooks then sought a new trial on the grounds that Section 667 requires that a driver be convicted before his license is suspended. The trial court granted the request for new trial and ruled in favor of Brooks. The State was ordered to reinstate Brooks' commercial driver's license.

The State appeals this ruling. For the reasons that follow, we affirm.

### ANALYSIS

The suspension of drivers' licenses for various offenses is governed by several statutes. Generally, La.R.S. 32:667(A) requires the seizure of a driver's license by an officer arresting that driver for violation of any statute or ordinance prohibiting the operation of a motor vehicle while intoxicated when the driver either refuses a chemical test or submits to a test that registers his blood alcohol level at 0.08% or above. If the driver is younger than 21, the blood alcohol level threshold for license seizure is 0.02%. Section 667 also provides that a driver can request an administrative hearing to have his license reinstated. If he does not request an administrative hearing within 15 days of arrest, his license is suspended for various periods, depending upon the driver's status in terms of previous violations, his refusal to submit to chemical testing, the amount of alcohol in his

2

blood if he does submit to testing, and whether he was involved in an accident that resulted in serious bodily injury or fatality. La.R.S. 32:667(B).

The seizure of the driver's license is mandated by subsection (A) upon his arrest. The suspension under subsection (B) is premised upon the driver's failure to request an administrative hearing, or upon an adjudication that the license should be suspended. However, subsection (H) provides that when a driver's license has been seized, suspended, or revoked in connection with "charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated" if he can demonstrate that the appropriate prosecutor either dismissed the charges or has permanently refused to prosecute or that he has been acquitted.

Because the charges against Brooks were dismissed by the district attorney, the State was required to immediately reinstate his license under the plain terms of subsection (H).

The State points out that La.R.S. 32:414.2 governs the disqualification of a commercial driver's licensee from operating a commercial motor vehicle. Section 414.2 ascribes to commercial drivers a much higher standard of conduct behind the wheel than other laws impose upon non-professionals. For instance, a commercial driver's license holder has committed a "serious traffic violation" when he is convicted of exceeding the speed limit by 15 miles per hour or more, when he "tailgates" another vehicle, when he fails to stop at a railroad grade crossing when required, or if he fails to negotiate a railroad grade crossing due to insufficient undercarriage clearance. La.R.S. 32:414.2(A)(1)(d). These "serious traffic

3

violations" can all result in the disqualification of a driver from operating a commercial motor vehicle.

Section 414.2 specifically provides for the circumstance of a driver convicted of operating a motor vehicle while intoxicated or who refuses chemical testing. La.R.S. 32:414.2(A)(2), (3), and (4). These statutes prescribe the period of disqualification to drive a commercial vehicle for licensees who are *convicted* of intoxicated driving.

However, the State argues, La.R.S. 32:414.2(A)(1)(b)(i) does not require a conviction. That statute reads (emphasis theirs):

> There shall be no economic hardship license to operate a commercial motor vehicle. Upon receipt of a conviction of an offense which requires disqualification of commercial driving privileges, the department shall disqualify the individual from commercial driving privileges. **A disqualification shall be imposed even if the conviction is set aside or dismissed pursuant to any provision of the Code of Criminal Procedure unless the conviction is set aside or dismissed because of an appeal of the conviction. The disqualification shall become part of the individual's official operating record.**

Thus, the dismissal of the charges does not relieve Brooks of his suspension, according to the State's interpretation of the statute. We disagree. The statute does not provide for disqualification when the charges are dismissed, but rather if the conviction is dismissed, unless it was set aside or dismissed because of an appeal. Both the phrases "set aside" and "dismissed" refer to "conviction."

Our interpretation is reinforced by other subsections of La.R.S. 32:414.2. Subsection (A)(4)(a)(i) provides for a one-year disqualification for a first *conviction* for operating a noncommercial motor vehicle with a blood alcohol level of 0.08% or higher. Subsection (A)(4)(a)(ii) provides for a one-year disqualification for a first *conviction* for operating a commercial motor vehicle

4

with a blood alcohol level of between 0.04 and 0.08 percent.  The statute defines "conviction" as:

> [A]n unvacated adjudication of guilt or a determination in a court of original jurisdiction or by an authorized administrative tribunal that a person has violated or failed to comply with the law; an unvacated forfeiture of bail or collateral deposited to secure the person's appearance in court; a plea of guilty or nolo contendere accepted by a court; the payment of a fine or court costs; or a violation of a condition of release without bail, regardless of whether the penalty is rebated, suspended, or probated. A conviction shall occur regardless of whether a person is referred to a remedial or pretrial diversion program as an alternative to the imposition of a penalty, fine, or other sanction.

La.R.S. 32:414.2(A)(9)(a).

None of these circumstances include the dismissal of charges by the district attorney except by pretrial diversion, and the record does not reflect that Brooks has been diverted.  Because Brooks was not convicted of operating a motor vehicle while intoxicated, he is not disqualified from operating a commercial motor vehicle under La.R.S. 32:414.2.

Trucking is heavily regulated by the federal government.  The State asserts that Brooks' license is subject to suspension in accordance with federal regulations.  Specifically, 49 CFR §383.51(b) provides for the disqualification of a driver for certain offenses.  But these offenses only include convictions for operating a motor vehicle while intoxicated or refusing to be tested.  The definition of "conviction" for purposes of the federal regulations is identical to the definition adopted by Louisiana is La.R.S. 32:414.2(A)(9)(a).  The problem with the State's argument lies in the fact that Brooks was not adjudicated by any tribunal as having violated any law.  He was not convicted under the definition of the Louisiana Revised Statutes or the Code of Federal Regulations.

5

Lastly, the State argues that the suspension of Brooks' license is supported by the "implied consent" statute, La.R.S. 32:661. In pertinent part, the statute reads:

> When a law enforcement officer requests that a person submit to a chemical test as provided for above, he shall first read to the person a standardized form approved by the Department of Public Safety and Corrections. The department is authorized to use such language in the form as it, in its sole discretion, deems proper, provided that the form does inform the person of the following:
>
> (c) That his driving privileges can be suspended if he submits to the chemical test and such test results show a blood alcohol level of 0.08 percent or above or, if he is under the age of twenty-one years, a blood alcohol level of 0.02 percent or above.

La.R.S. 32:661(C)(1)(c).

This argument fails. While it is true that a driver's license can be suspended if he submits to chemical testing and his blood alcohol concentration equals or exceeds 0.08%, the license must be immediately reinstated if the charges are dismissed. Section 661(C) merely requires that the State advise a driver of the fact that his driving privileges *can* be suspended if he registers a 0.08% blood alcohol level under La.R.S. 32:667.

## CONCLUSION

Brooks' license was suspended once testing registered his blood alcohol level at 0.123%, by virtue of La.R.S. 32:667(B). However, when the district attorney dismissed the charges against Brooks, the State was required to reinstate his license immediately. The judgment of the trial court is affirmed. All costs of appeal, in the amount of $499.50, are taxed to the State of Louisiana through the Department of Public Safety and Corrections, Office of Motor Vehicles pursuant to La.R.S. 13:5112.

**AFFIRMED.**

6