LOLLEY, J.
| ,The Louisiana Department of Public Safety, Office of Motor Vehicles appeals the judgment in favor of Randall Austin by the 2nd Judicial District Court, Parish of Bienville, State of Louisiana, which reinstated the commercial driving privileges of Austin. For the following reasons, we reverse the trial court’s judgment.
Facts
Randall Austin was involved in a single-vehicle crash on La. 154 in Bienville Parish on July 9, 2010, at approximately 4:30 p.m. He was transported to Minden Medical Center with a cut on his head. Subsequently an unidentified Louisiana State Trooper investigated the scene and then went to the hospital to question Austin, who was detained at the hospital until La. State Trooper Matt Harris arrived to conduct an interview approximately three *475 hours later. Because Trooper Harris believed Austin exhibited signs of intoxication, he received Austin’s consent to administer the Horizontal Gaze Nystagmus Test on Austin. Austin was advised of his rights by Trooper Harris as they related to tests for chemical intoxication pursuant to La. R.S. 32:661(C), and he refused to submit a blood sample to test for intoxication. After the test, Trooper Harris arrested Austin for violating La. R.S. 14:98, “Operating a vehicle while intoxicated” (the “DWI”).
As a result of Austin’s refusal to submit to testing for chemical intoxication, the Office of Motor Vehicles (the “OMV”) suspended Austin’s driving privileges for 365 days pursuant to La. R.S. 32:667 and La. R.S. |p32:661(C)(l)(b).[1] Additionally, Austin, who possessed a Class A commercial driver’s license (“CDL”) with hazardous materials eligibility, lost his eligibility for commercial driving privileges for one year pursuant to La. R.S. 32:414.2 and 49 C.F.R. § 383.51.
Pursuant to applicable legal procedure, Austin timely requested and was granted an administrative hearing to contest the suspension of his driver’s license. The suspension was affirmed by the administrative law judge. Ultimately, regarding the criminal charge for the DWI, Austin was acquitted and he sought the return of his CDL, as well as his Class “E” license. Although his Class “E” license was reinstated, the OMV refused to return his CDL, and Austin filed suit.
The matter was set for trial on February 17, 2011, but because the matter involved simply a “legal issue” (as characterized by the trial court prior to the trial), the parties agreed that the matter be submitted on briefs. After consideration of the briefs, the trial court rendered judgment in favor of Austin, ordering the OMV to reinstate Austin’s commercial driver’s license. This appeal by the OMV ensued.
Discussion
On appeal the OMV submits that the trial court erred in reinstating Austin’s CDL and that Austin’s acquittal of the criminal charge for violating La. R.S. 14:98 did not negate the mandatory disqualification of his CDL. At issue is whether or not Austin was entitled to a reinstatement of his CDL as a result of his acquittal on his DWI charge. The OMV maintains | sthat his CDL was subject to a mandatory one-year disqualification for his mere refusal to submit to blood alcohol testing, even though he was subsequently acquitted of the DWI charge. We agree.
In 1989, the legislature created a series of provisions relating to the suspension and restriction of commercial driving privileges. La. R.S. 32:414.2 et seq. The thrust of these statutes is to provide stronger penalties for commercial drivers who commit certain enumerated offenses while operating a commercial motor vehicle. Moore v. State, Dept. of Public Safety, License Control & Driver Imp. Div., 26,949 (La.App.2d Cir.05/10/95), 655 So.2d 644.
Title 32 of the Louisiana Revised Statutes contains statutes regarding “Tests for Suspected Drunken Drivers,” specifically section 667 addressing the suspension of driving privileges for refusal to submit to a chemical test for intoxication. However, the issue here relates to the disqualification of Austin’s CDL, so the more specific and applicable statute is contained in the chapter regarding “Driver’s License Law.” There, Louisiana R.S. 32:414.2 specifically addresses commercial motor vehicle drivers and grounds for disqualification of a *476 CDL, and the applicable subsection is (A)(4) which states in pertinent part:
Except as provided in Subparagraph (A)(2)(a) for lifetime disqualification, and in Paragraph (A)(3) for three years disqualification for offenses committed while transporting hazardous materials, any person shall be disqualified from operating a commercial motor vehicle for a minimum period of one year for:
⅜ ⅝ jfj ⅜: 5⅜ :j:
|4(d) A first offense of refusal to submit to an alcohol concentration or drug test, while operating a commercial motor vehicle or noncommercial motor vehicle by a commercial driver’s license holder.
Notably, La. R.S. 32:414.2 contains other grounds for disqualification of CDLs.[2]
It seems harsh to penalize Austin for refusal to submit to the blood test when he was ultimately acquitted of the crime of DWI — as categorized by the trial court, an “absurd result.” Moreover, the trial court in reaching its conclusion that Austin’s acquittal entitled him to a reinstatement of his CDL, considered only some portions of La. R.S. 32:414.2, but did not consider the subsection dealing squarely with the issue, 1.e., subsection (A)(4)(d). However, a careful reading of the statute on the precise issue of CDL disqualification shows that the OMV was correct in disqualifying Austin for refusing the alcohol test. There is no ambiguity that the obvious legislative intent embodied in La. R.S. 32:414.2 was to hold commercial license vehicle operators to a higher standard. This intent can be seen, for example, under La. R.S. 32:414.2(A)(l)(b)(i), which mandates that once disqualified, there is no economic hardship license to operate a commercial motor vehicle as there is for noncommercial vehicles. Additionally, an individual with a CDL will not be convicted for DWI under La. 14:98 if the alcohol concentration test shows a blood alcohol level less than .08%; |showever, that individual will be subject to having his CDL disqualified if his blood alcohol level is under .08% but at least .04% while driving a commercial vehicle. See La. R.S. 32:414.2(A)(4)(a)(ii). We note that the chapter on driver license law contains stricter requirements for obtaining a CDL than for a noncommercial license. Finally, this section in question was amended by the Legislature in 2007, adding that a CDL holder will also be disqualified if he refuses to submit to the test even while operating a noncommercial vehicle — again showing the legislative intent to hold CDL operators to a higher standard of accountability.
Obviously, the intent of the Legislature was to hold individuals with a CDL to a zero tolerance standard as far as alcohol/drug use and driving, even applying that standard to a noncommercial vehicle driven by the CDL operator. The reasoning is that an individual with the privilege of having a CDL should never imbibe alcohol when behind the wheel of any vehicle, and, that being the case, should never have cause to refuse a request for an alcohol concentration test. Because an individual with a CDL has a heightened duty to the public considering the public safety ramifications, the Legislature’s harsh standard serves to protect the public and is reasonable. Thus, considering the clear *477 and unambiguous wording of the applicable statute, as well as the spirit of the law contained in that chapter of Title 32, the trial court erred in its finding against the OMV on its refusal to reinstate Austin’s CDL.
| ^Conclusion
For the foregoing reasons, the judgment of the trial court which reinstated the commercial driver’s license of Randall A. Austin is reversed, and judgment is entered in favor of the Louisiana Department of Public Safety, Office of Motor Vehicles. The judgment reinstating the disqualification is retroactive to the original date of disqualification. All costs of this appeal are assessed to Austin.
REVERSED.

. Austin’s Class "E” “Personal Vehicle Driver's License" was suspended.

. Examples of some other offenses that lead to disqualification are: “serious traffic violations” (subsection (A)(1)(d)); "railroad grade crossing violations” (subsection (A)(1)(e)); use of a commercial or noncommercial vehicle for the commission of a felony involving the manufacture, distribution, or dispensing of a controlled substance or possession with intent to manufacture, distribute, or dispense a controlled substance (subsection (A)(2)(a)); and use of a commercial or noncommercial motor vehicle in the commission of more than one felony arising out of different crime episodes (subsection (A)(2)(b)), among others.