DREW, J.,
dissenting.
| ¶With respect, I must dissent, as I find that this record falls far short of proving that the delay in notification adversely affected Mr. Jobe to the extent that he should get a free pass on losing his driving privileges.
At the time of his DWI, this defendant hauled hazardous waste for a living. The driving privileges of someone who engages in that profession should be closely scrutinized. Although Mr. Jobe did lose his hazardous material endorsement, his driving privileges were never suspended.
This is not a unique case that is ripe for a heavy measure of equity, in the face of a clear statutory requirement requiring the suspension of driving privileges for those convicted[1] of DWI. Mr. Jobe’s driving privileges should be suspended because of the crime he committed, as is clearly re *220 quired by statute.[2]
Accordingly, I respectfully dissent.

. The defendant entered a plea of nolo conten-dere, with a later granting of the benefits of *220 La. C. Cr. P. Art. 894.

. My brother judges on this panel ruled less than a year ago that suspension of a CDL was still appropriate, even though the defendant was acquitted (after a refusal) for DWI. See Austin v. Department of Public Safety, Office of Motor Vehicles, 46,654 (La.App.2d Cir. 11/2/11), 77 So.3d 474. An argument can be made that Mr. Jobe has a lesser basis for equitable relief than did Mr. Austin.