COURT OF APPEAL, THIRD CIRCUIT

IN RE:  BERNARD B. LAFLEUR


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 73460-A
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Shannon J. Gremillion, and John E. Conery, Judges.

**AFFIRMED.**

Anthony C. Dupre'
Post Office Drawer F
Ville Platte, LA   70586
(337) 363-3804
COUNSEL FOR APPELLEE:
     Bernard B. LaFleur

Harrietta J. Bridges
Post Office Box 66614, Drawer B-4
Baton Rouge, LA   70896-6614
(225) 922-0788
COUNSEL FOR APPELLANT:
     State of Louisiana, Department of Public Safety and Corrections
     Office of Motor Vehicles

**AMY, Judge.**

The complainant in this matter was arrested on suspicion of operating a vehicle while intoxicated. The Department of Public Safety and Corrections, Office of Motor Vehicles, suspended the complainant's commercial driver's license and declared him ineligible for commercial driving privileges for one year. However, the district attorney declined to prosecute the driving while intoxicated charge. After an administrative hearing, the administrative law judge found that the Department of Public Safety and Corrections had met its burden and upheld the suspension. However, after a de novo trial in the district court, the district court found that the complainant was entitled to an immediate reinstatement of his commercial driving privileges because the complainant had not been convicted of the driving while intoxicated charge. The Department of Public Safety and Corrections appeals. For the following reasons, we affirm.

## Factual and Procedural Background

According to the record, the complainant, Bernard B. Lafleur, was stopped by Trooper Willie Williams, Jr., an officer with the Louisiana State Police, because one of Mr. Lafleur's headlights was not working properly. Observing several indications of intoxication, the trooper arrested Mr. Lafleur and took him to a police station for processing. After being advised of his rights, Mr. Lafleur submitted to a blood alcohol test. The test results showed that Mr. Lafleur's blood alcohol content was 0.144 grams percent by weight. The record indicates that Mr. Lafleur was charged with driving while intoxicated, first offense, a violation of La.R.S. 14:98.

Mr. Lafleur's commercial driver's license was seized as a result of the arrest, and the Department of Public Safety and Corrections, Office of Motor Vehicles,

(DPSC) suspended Mr. Lafleur's driving privileges. Mr. Lafleur timely sought an administrative hearing concerning the suspension. However, before the administrative hearing, the district attorney's office notified Mr. Lafleur that it was "declining prosecution at this time on the charges of DWI 1st and the charges listed above."[1]

The record contains only a copy of the administrative law judge's decision and order. That decision indicates that a hearing was conducted on June 11, 2012, before Administrative Law Judge John O. Kopynec. At the hearing, Mr. Lafleur and Trooper Williams testified, and exhibits were submitted into evidence. The administrative law judge affirmed the suspension. The administrative law judge concluded that, pursuant to La.R.S. 32:668, DPSC "properly suspended Respondent's driver's license because the Department met its burden of proving the statutory requirements of the Louisiana Tests for Suspected Drunken Drivers law." Further, Mr. Lafleur argued that, because the district attorney had declined to prosecute the driving while intoxicated charges, he was entitled to an immediate reinstatement of his driving privileges. However, the administrative law judge rejected Mr. Lafleur's argument, finding that "while an individual may be entitled to have driving privileges reinstated, the validity of the civil suspension under the Tests for Suspected Drunken Drivers Law must still be determined."

Thereafter, Mr. Lafleur filed a petition in the district court seeking review of the administrative law judge's decision. At a hearing, the parties briefly presented the testimony of Mr. Lafleur and Trooper Williams, and submitted evidence into the record. Mr. Lafleur again contended that the district attorney's refusal to

---

[1] In its appellate brief, DPSC does not contest that the district attorney's office declined to prosecute the charges against Mr. Lafleur in the manner contemplated by La.R.S. 32:667(H)(1).

2

prosecute the charges mandated that his driving privileges be immediately reinstated. At the conclusion of the hearing, the district court found that because "[t]here was no conviction, therefore, there is no suspension, there is no disqualification." Accordingly, the district court ordered that Mr. Lafleur's driving privileges be reinstated.

DPSC appeals, asserting that the district court erred in ordering the reinstatement of Mr. Lafleur's commercial driver's license.

## Discussion

On appeal, the parties' arguments focus on La.R.S. 32:414.2's requirement, in part, that the person whose driving privileges are suspended be convicted of one of the offenses listed therein. DPSC contends that the administrative law judge's adjudication constitutes a "conviction" pursuant to La.R.S. 32:414.2(A)(9)(a). Mr. Lafleur disputes that contention and argues that the district court's de novo review vacated the administrative law judge's decision.

Louisiana has enacted two statutory schemes concerning the "suspension of driving privileges for persons who drive while intoxicated or under suspicion of doing so." *Walker v. State, Dept. of Public Safety*, 589 So.2d 622, 624 (La.App. 3 Cir. 1991). Those schemes, codified at La.R.S. 32:661-670 and at La.R.S. 32:414-415.1, permit DPSC to suspend the driving privileges of those persons meeting the statutory requirements contained therein. *Id.* However, although both schemes contain provisions concerning suspension of driving privileges based on driving while intoxicated or the suspicion thereof, "the two schemes are parallel, they are not integrated. The two statutory schemes are separate and distinct." *Id.* The procedures delineated in La.R.S. 32:667-670 concern those who have been arrested upon suspicion of driving while intoxicated, while La.R.S. 32:414-415.1 concerns

those who have been convicted of and sentenced for, among other offenses, operating a vehicle while intoxicated.

Pursuant to La.R.S. 32:667(A), when a person is placed under arrest for a violation of La.R.S. 14:98, La.R.S. 14:98.1, or a similar parish or municipal ordinance, and that person "either refuses to submit to an approved chemical test for intoxication, or submits to such test and such test results show a blood alcohol level of 0.08 percent or above by weight," the arresting officer is required to seize the person's driver's license and issue a temporary license that notifies the person that they may make a written request to DPSC for an administrative hearing in accordance with La.R.S. 32:668. If that person fails to timely make the written request, the person's license shall be suspended pursuant to the provisions of La.R.S. 32:667(B).

If the person requests an administrative hearing, one shall be provided pursuant to La.R.S. 32:668. The scope of the hearing pursuant to La.R.S. 32:668(A) is limited to:

(1) Whether a law enforcement officer had reasonable grounds to believe the person, regardless of age, had been driving or was in actual physical control of a motor vehicle upon the public highways of this state, or had been driving, . . . while under the influence of either alcoholic beverages or any abused substance or controlled dangerous substance as set forth in R.S. 40:964.

(2) Whether the person was placed under arrest.

(3) Whether he was advised by the officer as provided in R.S. 32:661.

(4) Whether he voluntarily submitted to an approved chemical test and whether the test resulted in a blood alcohol reading of 0.08 percent or above by weight . . . .

(5) Whether he refused to submit to the test upon the request of the officer.

4

> (6) Such additional matters as may relate to the legal rights of the person, including compliance with regulations promulgated by the Department of Public Safety and Correction and rights afforded to the person by law or jurisprudence.

The person may seek further review of the suspension of their driving privileges by filing a petition in the district court, "in the same manner and under the same conditions as is provided in R.S. 32:414." La.R.S. 32:668(C).

However, we observe that La.R.S. 32:667(H)(1) provides, in relevant part, that:

> When any person's driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for the reinstatement of driver's license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal.

In contrast, La.R.S. 32:414 addresses the suspension of driving privileges after a conviction for certain offenses, stating, in part, that DPSC:

> shall suspend the license of any person for a period of twelve months upon receiving, from any district, city, or municipal court . . . satisfactory evidence of the conviction or the entry of a plea of guilty or nolo contendere and sentence thereupon . . . of any such person charged with . . . operating a motor vehicle while under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous system stimulants.

La.R.S. 32:414(A)(1)(a). Pursuant to La.R.S. 32:414(F)(4), any person whose license is suspended shall have the right to seek a hearing in the district court to determine whether the license is subject to suspension. Review in the district court is de novo. *Henry v. State, Dept. of Pub. Safety*, 01-103 (La.App. 3 Cir. 6/27/01), 788 So.2d 1286.

5

Similarly, La.R.S. 32:414.2 specifically addresses those cases where a person holding a commercial driver's license has been convicted of certain offenses. Specifically, La.R.S. 32:414.2(A)(1)(a) states, in relevant part, that:

> [A] person shall be disqualified from driving a commercial motor vehicle for committing any offense specified in this Section. . . . The department shall suspend, revoke, or cancel the commercial driving privileges of a person who is disqualified to drive pursuant to this section. . . . If a driver is suspended or revoked from operating a Class "D" or "E" motor vehicle, he shall also be disqualified from operating a commercial motor vehicle.

A "conviction" is defined in La.R.S. 32:414.2(A)(9)(a) as:

> an unvacated adjudication of guilt or a determination in a court of original jurisdiction or by an authorized administrative tribunal that a person has violated or failed to comply with the law. . . . A conviction shall occur regardless of whether a person is referred to a remedial or pretrial diversion program as an alternative to the imposition of a penalty, fine, or other sanction.

Further, La.R.S. 32:414.2(A)(1)(b)(ii) provides that, if a person has been disqualified from driving a commercial vehicle, once the suspension, revocation, or cancellation resulting from the disqualifying offense has expired, that person shall be issued a Class "D" or "E" driver's license, provided that the person's Class "D" or "E" driving privileges are still valid.

DPSC argues that *Austin v. Department of Public Safety, Office of Motor Vehicles*, 46,654 (La.App. 2 Cir. 11/2/11), 77 So.3d 474, is applicable to the facts of this case. Therein, Mr. Austin was arrested for operating a vehicle while intoxicated after he refused to take a chemical intoxication test. Accordingly, DPSC suspended Mr. Austin's driving privileges and further declared that Mr. Austin was ineligible for commercial driving privileges for one year. Mr. Austin sought an administrative hearing and the suspension was affirmed by the administrative law judge. However, Mr. Austin was ultimately acquitted of the

6

driving while intoxicated charge and DPSC reinstated his Class "E" driver's license, but refused to return his commercial driver's license. Mr. Austin filed suit, and the district court ordered DPSC to reinstate Mr. Austin's commercial driver's license. *Id.*

On appeal, the second circuit found that the legislature intended "to hold individuals with a CDL to a zero tolerance standard as far as alcohol/drug use and driving." *Austin*, 77 So.3d at 476. The second circuit noted that La.R.S. 32:414.2(A)(4)(d) penalized the refusal to submit to an alcohol concentration or drug test for commercial driver's license holders, whether they were driving a commercial motor vehicle or a noncommercial vehicle. *Id.* Thus, even though "it seem[ed] harsh to penalize Austin for refusal to submit to the blood test when he was ultimately acquitted of the crime of DWI," because Mr. Austin had refused to submit to the chemical intoxication test, the second circuit reinstated the disqualification of Mr. Austin's commercial driving privileges. *Id.* at 476.

Mr. Lafleur relies on *Brooks v. Louisiana Department of Public Safety & Corrections*, 11-71 (La.App. 3 Cir. 6/1/11), 66 So.3d 1236, *writ denied*, 11-1977 (La. 11/14/11), 75 So.3d 948, for the proposition that an adjudication is required before DPSC can suspend his commercial driving privileges pursuant to La.R.S. 32:414.2. In *Brooks*, Mr. Brooks was arrested after an intoxilyzer test indicated that his blood alcohol content was 0.123%, and Mr. Brooks' commercial driver's license was seized pursuant to La.R.S. 32:667. Mr. Brooks requested an administrative hearing. However, after the district attorney's office dismissed the charges against him, Mr. Brooks moved to dismiss the administrative hearing. Thereafter, Mr. Brooks sought review of his suspension in the district court, arguing that La.R.S. 32:667 required a conviction before a person's license is

7

suspended. The district court ultimately found in Mr. Brooks' favor, and ordered DPSC to reinstate Mr. Brooks' commercial driver's license. *Id.*

On appeal, a panel of this court affirmed the district court's order, noting that La.R.S. 32:667(H) requires that a person's license be reinstated when that person can demonstrate that the prosecuting authority has "either dismissed the charges against him or permanently refused to prosecute or that he has been acquitted." *Brooks*, 66 So.3d at 1238. Thus, there was no statutory authority for suspension of Mr. Brooks' driving privileges under La.R.S. 32:661-670. Further, DPSC contended that suspension was appropriate under La.R.S. 32:414.2(A)(1)(b)(i), which addresses disqualification of commercial driving privileges, stating that, "[a] disqualification shall be imposed even if the conviction is set aside or dismissed pursuant to any provision of the Code of Criminal Procedure unless the conviction is set aside or dismissed because of an appeal of the conviction." However, the court found that "[t]he statute does not provide for disqualification when the charges are dismissed, but rather if the conviction is dismissed." *Id.* at 1239. The court also noted that the definition of "conviction" in La.R.S. 32:414.2(A)(9)(a) did not include dismissal of the charges by the district attorney, except in cases of pretrial diversion. *Id.* The court noted that there was no evidence that Mr. Brooks had been placed in a pretrial diversion program. *Id.* Finally, the court noted that Mr. Brooks had not been adjudicated "by any tribunal as having violated any law." *Id.* at 1240.

According to the record, after Trooper Williams arrested Mr. Lafleur for driving while intoxicated, he seized Mr. Lafleur's driver's license pursuant to La.R.S. 32:667. Trooper Williams also notified Mr. Lafleur about his right to an administrative hearing, and Mr. Lafleur exercised his right to do so. The

administrative law judge's reasons indicate that the administrative law judge reviewed Mr. Lafleur's license suspension pursuant to La.R.S. 32:668, and found that DPSC had satisfied the requirements of that statute. Accordingly, the administrative law judge affirmed DPSC's suspension of Mr. Lafleur's driving privileges. However, after Mr. Lafleur sought further review of the suspension in the district court, the district judge relied on *Brooks*, 66 So.3d 1236, and ordered that Mr. Lafleur's driving privileges be reinstated.

We find no error in the trial court's judgment. The record indicates that Mr. Lafleur's license was seized pursuant to La.R.S. 32:667 after his arrest for operating a vehicle while intoxicated. However, the district attorney declined to pursue criminal charges against Mr. Lafleur on May 24, 2012. Accordingly, Mr. Lafleur was entitled to reinstatement of his driving privileges pursuant to La.R.S. 32:667(H)(1) at that time.

However, we must also examine whether DPSC had the authority to suspend Mr. Lafleur's license pursuant to the statutory scheme delineated in La.R.S. 32:414-415.1. DPSC argues that the decision by the administrative law judge constituted a conviction as defined by La.R.S. 32:414.2(A)(9)(a). We reject this contention. The scope of administrative review for suspensions pursuant to La.R.S. 32:667 does not require that DPSC prove that the person was operating a motor vehicle while intoxicated. *See* La.R.S. 14:98.[2] Instead, La.R.S. 32:668 requires DPSC to prove that the "law enforcement officer *had reasonable grounds to believe* the person . . . had been driving . . . while under the influence of either

---

[2] We also note that the standard of proof for criminal convictions is beyond a reasonable doubt. *See State v. Kennerson*, 96-1518 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367. However, a license suspension proceeding is "a civil action amenable to all of the ordinary rules of procedure and proof." *Meyer v. State, Dept. of Pub. Safety License Control & Driver Improvement Div.*, 312 So.2d 289, 292 (La.1975).

alcoholic beverages or any abused substance or controlled dangerous substance." La.R.S. 32:668(A)(1) (emphasis added). DPSC must also address several other elements, including whether the person submitted to an approved chemical test with results of 0.08 percent or greater blood alcohol content or whether the person refused the test. *Id*. Further, pursuant to *Brooks*, 66 So.3d 1236, where there is no administrative adjudication and the district attorney declines to pursue prosecution, DPSC must reinstate a person's commercial driving privileges. To impose additional civil penalties because a person sought an administrative hearing on the suspension of their driving privileges would be an absurd result. *See Credit v. Richland Parish Sch. Bd.*, 11-1003 (La. 3/13/12), 85 So.3d 669.

Additionally, pursuant to La.R.S. 32:414.2(A)(9)(a), a remedial or pretrial diversion program is considered a conviction. After reviewing the record, we find no indication that Mr. Lafleur was placed in such a program. We observe that, pursuant to La.R.S. 15:578.1, when a person is arrested on charges for operating a vehicle while intoxicated, "[t]he arrest record and placement into the pretrial diversion or intervention program shall become a public record when the person successfully completes the pretrial diversion or intervention program or is terminated from the program."

Thus, pursuant to our review of the record, we find no basis for the suspension of Mr. Lafleur's driving privileges under the provisions of either La.R.S. 32:661-670 or La.R.S. 32:414-415.1. Accordingly, we find no error in the trial court's judgment ordering DPSC to reinstate Mr. Lafleur's driving privileges. This assignment of error is without merit.

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court ordering the Department of Public Safety and Corrections, Office of Motor Vehicles, to reinstate the driving privileges of the appellee, Bernard B. Lafleur. The costs of this appeal are allocated to the Department of Public Safety and Corrections, Office of Motor Vehicles, in the amount of $1,003.32.

**AFFIRMED.**