# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 13-949

ROBERT C. NAVARRE

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS,
OFFICE OF MOTOR VEHICLES

**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## FOURTEENTH JUDICIAL DISTRICT COURT
## PARISH OF CALCASIEU, DOCKET NO. 2011-005080-B
## HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.

**REVERSED.**

Jennifer Del Murray
Stephen A. Quidd
7979 Independence Blvd.
Post Office Box 66614
Baton Rouge, Louisiana 70896
(225) 922-2311
COUNSEL FOR APPELLANT:
    Department of Public Safety and Corrections,
    Office of Motor Vehicles

Glen D. Vamvoras
Vamvoras, Schwartzberg & Hinch
1111 Ryan Street
Lake Charles, Louisiana 70601
(337) 433-1621
COUNSEL FOR PLAINTIFF/APPELLEE:
    Robert C. Navarre

**GENOVESE, Judge.**

The Louisiana Department of Public Safety and Corrections, Office of Motor Vehicles (OMV), appeals the judgment of the trial court ordering it to reinstate Robert C. Navarre's Class A commercial driver's license (CDL). For the following reasons, we reverse the judgment of the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Navarre was arrested by Calcasieu Parish Sheriff's Deputy J.W. Childress on April 17, 2011, for violating La.R.S. 14:98, operating a vehicle while intoxicated, and La.R.S. 32:51, no license plate. Deputy Childress stopped Mr. Navarre on Louisiana Highway 27 in Calcasieu Parish after he noticed Mr. Navarre's vehicle did not have a license plate.[1] Mr. Navarre had the odor of alcohol on his breath, slurred speech, was unsteady on his feet, and admitted to consuming beers before driving. Mr. Navarre consented to a field sobriety test, but withdrew his cooperation after completing only a third of the test. Mr. Navarre was then arrested by Deputy Childress. Mr. Navarre was asked to submit to an alcohol concentration test, but he refused.

As a result of Mr. Navarre's refusal to submit to the alcohol concentration test, OMV suspended his Class E personal driver's license for one year pursuant to La.R.S. 32:667(A)[2] and disqualified him from driving a commercial motor vehicle

---

[1]The vehicle being driven by Mr. Navarre belonged to his friend and passenger in the vehicle.

[2]Pursuant to La.R.S. 32:667(A), when a person is placed under arrest for a violation of La.R.S. 14:98, and that person "either refuses to submit to an approved chemical test for intoxication, or submits to such test and such test results show a blood alcohol level of 0.08 percent or above by weight," the arresting officer is required to seize the person's driver's license and issue a temporary license which notifies the person that he or she may request an administrative hearing in accordance with La.R.S. 32:668.

for one year pursuant to La.R.S. 32:414.2[3] and 49 C.F.R. § 383.51.[4] Mr. Navarre

requested an administrative hearing in accordance with La.R.S. 32:668(A)[5] to

contest the suspension of his driver's license. The suspension was affirmed by the

administrative law judge (ALJ) on September 28, 2011.

On November 2, 2011, Mr. Navarre filed a Petition for Judicial Review and

Voluntary Stay in the Fourteenth Judicial District Court. Prior to the trial on

Mr. Navarre's petition, the charges of operating a vehicle while intoxicated and no

license plate against Mr. Navarre were dismissed on December 5, 2012. At the

trial on Mr. Navarre's petition, the parties entered into a joint stipulation of facts

and exhibits and agreed to submit the matter to the trial court on briefs. In its

March 28, 2013 Written Reasons, the trial court opined:

---

[3]Louisiana Revised Statutes 32:414.2 contains provisions relating to the suspension and restriction of commercial driving privileges.

[4]49 C.F.R. § 383.51 contains provisions relating to the United States Department of Transportation's authority to suspend and restrict commercial driving privileges.

[5]The scope of a hearing in accordance with La.R.S. 32:668(A) is limited to:

> (1) Whether a law enforcement officer had reasonable grounds to believe the person, regardless of age, had been driving or was in actual physical control of a motor vehicle upon the public highways of this state . . . while under the influence of either alcoholic beverages or any abused substance or controlled dangerous substance as set forth in R.S. 40:964.
>
> (2) Whether the person was placed under arrest.
>
> (3) Whether he was advised by the officer as provided in R.S. 32:661.
>
> (4) Whether he voluntarily submitted to an approved chemical test and whether the test resulted in a blood alcohol reading of 0.08 percent or above by weight. . . .
>
> (5) Whether he refused to submit to the test upon the request of the officer.
>
> (6) Such additional matters as may relate to the legal rights of the person, including compliance with regulations promulgated by the Department of Public Safety and Correction and rights afforded to the person by law or jurisprudence.

2

[Louisiana Revised Statutes] 32:414.2(A)(4)(ii)(d)[6] requires there be an "offense" of refusal to submit. [Mr. Navarre] has not been adjudicated of any offense in this matter since his charges were dismissed.

> *Brooks* [*v. Louisiana Department of Public Safety & Corrections*], 46,654 (La.App. 3 Cir. 6/1/11), 66 So.3d 1236, . . . supports [Mr. Navarre's] position that a conviction is required before [OMV] can revoke a license under the applicable statutes.

Accordingly, the trial court ordered that Mr. Navarre's driving privileges be reinstated. OMV appeals.

## ASSIGNMENTS OF ERROR

OMV sets forth the following assignments of error:

1.  The State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles[,] alleges as error the trial court's finding that the dismissal of criminal charges for violation of La.R.S. 14:98 negates the mandatory disqualification of commercial driving privileges under the provisions of La.R.S. 32:414.2 and 49 C.F.R. §383.51.

2.  The State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles[,] alleges as error the trial court's entry of an order to reinstate the commercial driving privileges of Mr. Robert Navarre, in violation of Louisiana state law and federal regulations.

## LAW AND DISCUSSION

OMV contends that the trial court erred in ordering the reinstatement of Mr. Navarre's commercial driving privileges. OMV argues that the statutory language in La.R.S. 32:414.2 clearly states that any person possessing a CDL faces a mandatory one-year disqualification for refusing to submit to the alcohol concentration test.

Mr. Navarre disputes OMV's argument and asserts that the trial court correctly interpreted the provisions of La.R.S. 32:414.2 to overturn the ALJ and

---

[6]The trial court's Written Reasons mistakenly refer to La.R.S. 32:414.2(A)(4)(ii)(d); however, the correct statutory provision is La.R.S. 32:414.2(A)(4)(d).

reinstate his commercial driving privileges. Mr. Navarre contends that the statutory language in La.R.S. 32:414.2 references "offense[s]" and "conviction[s,]" and, since "his charge for driving while intoxicated was 'dismissed outright[,]' and there was no conviction for the offense[,]" he should not be disqualified from possessing a CDL pursuant to the language of La.R.S. 32:414.2.

In *In re Lafleur*, 12-1227, pp. 3-6 (La.App. 3 Cir. 3/6/13), 129 So.3d 543, 545-47, this court recently explained:

> Louisiana has enacted two statutory schemes concerning the "suspension of driving privileges for persons who drive while intoxicated or under suspicion of doing so." *Walker v. State, Dept. of Public Safety*, 589 So.2d 622, 624 (La.App. 3 Cir.1991). Those schemes, codified at La.R.S. 32:661-670 and at La.R.S. 32:414-415.1, permit DPSC to suspend the driving privileges of those persons meeting the statutory requirements contained therein. *Id.* However, although both schemes contain provisions concerning suspension of driving privileges based on driving while intoxicated or the suspicion thereof, "the two schemes are parallel, they are not integrated. The two statutory schemes are separate and distinct." *Id.* The procedures delineated in La.R.S. 32:667-670 concern those who have been arrested upon suspicion of driving while intoxicated, while La.R.S. 32:414-415.1 concerns those who have been convicted of and sentenced for, among other offenses, operating a vehicle while intoxicated.
>
> . . . .
>
> However, we observe that La.R.S. 32:667(H)(1) provides, in relevant part, that:
>
>> When any person's driver's license has been seized, suspended, or revoked, and the seizure, suspension, or revocation is connected to a charge or charges of violation of a criminal law, and the charge or charges do not result in a conviction, plea of guilty, or bond forfeiture, the person charged shall have his license immediately reinstated and shall not be required to pay any reinstatement fee if at the time for the reinstatement of driver's license, it can be shown that the criminal charges have been dismissed or that there has been a permanent refusal to charge a crime by the appropriate prosecutor or there has been an acquittal.

4

In contrast, La.R.S. 32:414 addresses the suspension of driving privileges after a conviction for certain offenses, stating, in part, that DPSC:

> shall suspend the license of any person for a period of twelve months upon receiving, from any district, city, or municipal court . . . satisfactory evidence of the conviction or the entry of a plea of guilty or nolo contendere and sentence thereupon . . . of any such person charged with . . . operating a motor vehicle while under the influence of beverages of high alcoholic content, of low alcoholic content, of narcotic drugs, or of central nervous system stimulants.

La.R.S. 32:414(A)(1)(a). Pursuant to La.R.S. 32:414(F)(4), any person whose license is suspended shall have the right to seek a hearing in the district court to determine whether the license is subject to suspension. Review in the district court is de novo. *Henry v. State, Dept. of Pub. Safety*, 01-103 (La.App. 3 Cir. 6/27/01), 788 So.2d 1286.

Similarly, La.R.S. 32:414.2 specifically addresses those cases where a person holding a commercial driver's license has been convicted of certain offenses. Specifically, La.R.S. 32:414.2(A)(1)(a) states, in relevant part, that:

> [A] person shall be disqualified from driving a commercial motor vehicle for committing any offense specified in this Section. . . . The department shall suspend, revoke, or cancel the commercial driving privileges of a person who is disqualified to drive pursuant to this section. . . . If a driver is suspended or revoked from operating a Class "D" or "E" motor vehicle, he shall also be disqualified from operating a commercial motor vehicle.

A "conviction" is defined in La.R.S. 32:414.2(A)(9)(a) as:

> an unvacated adjudication of guilt or a determination in a court of original jurisdiction or by an authorized administrative tribunal that a person has violated or failed to comply with the law. . . . A conviction shall occur regardless of whether a person is referred to a remedial or pretrial diversion program as an alternative to the imposition of a penalty, fine, or other sanction.

Specifically addressing those cases where a person holding a CDL refuses to submit to an alcohol concentration test, La.R.S. 32:414.2(A)(4)(d) provides, in pertinent part, that:

> [A] person shall be disqualified from operating a commercial motor vehicle for a minimum period of one year for . . . [a] first offense of refusal to submit to an alcohol concentration or drug test, while operating a commercial motor vehicle or noncommercial motor vehicle by a commercial driver's license holder.

OMV emphasizes the holding in *Austin v. Department of Public Safety, Office of Motor Vehicles*, 46,654 (La.App. 2 Cir. 11/2/11), 77 So.3d 474, in support of its position. Mr. Austin was arrested for operating a vehicle while intoxicated after he refused to submit to an alcohol concentration test. OMV suspended Mr. Austin's driving privileges and further declared that Mr. Austin was ineligible for commercial driving privileges for one year. Mr. Austin sought an administrative hearing, and the suspension was affirmed by the ALJ. Mr. Austin was ultimately acquitted of the driving while intoxicated charge, and OMV reinstated his Class E personal driver's license, but refused to return his CDL. Mr. Austin filed suit, and the trial court ordered OMV to reinstate his CDL.

Addressing OMV's appeal, the second circuit ruled that the legislature intended "to hold individuals with a CDL to a zero tolerance standard as far as alcohol/drug use and driving[.]" *Id.* The second circuit noted that La.R.S. 32:414.2(A)(4)(d) penalized the refusal to submit to an alcohol concentration or drug test for CDL holders, whether they were driving a commercial motor vehicle or a noncommercial vehicle. Thus, even though "[i]t seem[ed] harsh to penalize [Mr.] Austin for refusal to submit to the blood test when he was ultimately acquitted of the crime of DWI[,]" because Mr. Austin had

6

refused to submit to the alcohol concentration test, the second circuit reinstated the disqualification of his commercial driving privileges. *Id.*

Mr. Navarre emphasizes this court's holding in *Brooks*, 66 So.3d 1236, in support of his position, and the trial court accepted Mr. Navarre's assertion. We find *Brooks* similar, yet not completely analogous to the instant matter. An important distinction is that Mr. Brooks was arrested for operating a vehicle while intoxicated <u>after submitting to an alcohol concentration test</u> which indicated that his blood alcohol content was 0.123 percent. This court determined that the trial court correctly reinstated Mr. Brook's CDL on the basis that his charges were dismissed by the district attorney. The issue of whether La.R.S. 32:414.2 authorizes the disqualification of a CDL because of a person's refusal to submit to an alcohol concentration test was not examined in *Brooks*, 66 So.3d 1236. It was, however, squarely addressed by the second circuit in *Austin*, 77 So.3d 474.

Based upon our review of the record and jurisprudence, we find error in the trial court's ruling "that a conviction is required before [OMV] can revoke a license under the applicable statutes." Mr. Navarre's license was rightfully seized pursuant to La.R.S. 32:667, and he was rightfully disqualified from operating a commercial motor vehicle pursuant to La.R.S. 32:414.2 for his refusal to submit to an alcohol concentration test. The trial court incorrectly relied upon *Brooks*, 66 So.3d 1236, when it ordered that Mr. Navarre's commercial driving privileges be reinstated. In accordance with the statutory provisions of La.R.S. 32:414.2(A)(4)(d), Mr. Navarre "shall be disqualified from operating a commercial motor vehicle for a minimum period of one year for" his "refusal to submit to an alcohol concentration . . . test, while operating a . . . noncommercial motor vehicle by a commercial driver's license holder."

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed.  All costs of these proceedings are assessed to Appellee, Robert C. Navarre.

**REVERSED.**