STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1371

DANIEL CATHEY

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF PUBLIC SAFETY &
CORRECTIONS, OFFICE OF MOTOR VEHICLES

**Judgment Rendered:**   MAY 1 1 2020

* * * * * *

Appealed from the
Twentieth Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Suit Number 23587

Honorable Kathryn E. Jones, Presiding

* * * * * *

Charles E. Griffin, II
St. Francisville, LA

Counsel for Plaintiff/Appellee
Daniel Cathey

Laura C. Hopes
Stephen A. Quidd
Baton Rouge, LA

Counsel for Defendant/Appellant
State of Louisiana, Department of
Public Safety and Corrections, Office
of Motor Vehicles

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

Burris, J. Concurs.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

Defendant/appellant, State of Louisiana, Department of Public Safety and Corrections, Office of Motor Vehicles (DPSC), appeals from a judgment of the trial court ordering it to immediately reinstate the driver's license originally issued to plaintiff/appellee, Daniel Cathey, and denying its exceptions raising the objections of no cause of action and no right of action. For the reasons that follow, we reverse the judgment of the trial court in part and remand this matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On July 16, 2019, Daniel Cathey filed a Motion for Reinstatement of Driving Privileges, naming the DPSC as a defendant. According to the motion, Cathey was convicted on August 20, 2015, of driving while intoxicated, third offense. The motion stated that Cathey had satisfactorily completed all the terms of his sentence as of January 2019; more than three years had passed since the period of his suspension of his driving privileges, which began in 2015; and, during his suspension, he did not drive a vehicle. Cathey asserted that under La. R.S. 32:414, he applied to have his license reinstated with DPSC, but that he was informed by DPSC he had to have an interlock device on his vehicle for eighteen months. Cathey asserted that once he completed his suspension period under La. R.S. 32:414, there is no additional requirement that he have an ignition interlock device installed in his automobile once he is eligible to drive, as that provision only applies to hardship licenses issued during the suspensive period. Accordingly, Cathey requested that DPSC be ordered to reinstate his driver's license immediately.

Thereafter, DPSC answered Cathey's motion and filed exceptions raising the objections of no cause of action and no right of action. DPSC asserted that Cathey did not have a cause of action, because he failed to demonstrate that he had

2

requested an administrative hearing within thirty days of the date of the arrest pursuant to La. R.S. 32:667(A)(2)(a), or that he had requested review by the district court of his suspension and the associated reinstatement requirements if the ruling of the administrative law judge was adverse to him pursuant to La. R.S. 32:668(C) and La. R.S. 32:414(F)(4). DPSC also asserted that Cathey did not have a right of action to petition the district court to review this matter, because he did not exhaust his administrative remedies under La. R.S. 32:667(A) and the delays for requesting the administrative hearing have expired.

The trial court held a hearing on DPSC's exceptions and Cathey's motion on August 28, 2019. Thereafter, the trial court signed a judgment denying DPSC's exceptions and ordering DPSC to reinstate Cathey's driver's license immediately. DPSC now appeals from the trial court's judgment.

## DISCUSSION

Louisiana has enacted two statutory schemes concerning the suspension of driving privileges of persons who drive while intoxicated or under the suspicion of doing so. Walker v. State, Department of Public Safety, 589 So. 2d 622, 623-624 (La. App. 3rd Cir. 1991); see also In re Lafleur, 12-1227, p. 3 (La. App. 3rd Cir. 3/6/13), 129 So. 3d 540, 543. These schemes, found in La. R.S. 32:667-668 and 32:414-415.1, permit DPSC to suspend the driving privileges of those persons meeting the statutory requirements contained therein. In re Lafleur, 12-1227 at p. 3, 129 So. 3d at 543. While the two schemes are parallel, they are not integrated; rather, they are separate and distinct. Walker, 589 So. 2d at 624. The procedures contained in La. R.S. 32:667-668 apply to those persons who have been arrested upon *suspicion* of driving while intoxicated, while La. R.S. 414-415.1 apply to those persons who have been *convicted of and sentenced for*, among other things, operating a vehicle while intoxicated. In re Lafleur, 12-1227 at pp. 3-4, 129 So. 3d at 543; Walker, 589 So. 2d at 624.

3

In the instant case, Cathey alleged that he was seeking reinstatement of his driver's license following suspension based on a conviction for driving while intoxicated, third offense. However, the record is devoid of *any* evidence, either testimonial or documentary, regarding the circumstances of his suspension or fulfillment of any statutory requirements. Accordingly, absent any evidence to substantiate the claims made by Cathey in his motion for reinstatement of driving privileges, the trial court erred in granting his motion. See Walker, 589 So. 2d at 624.

With regard to DPSC's exceptions raising the objection of no cause of action and no right of action, however, we find no error in the trial court's denial of these exceptions. An exception raising the objection of no cause of action questions whether the law affords the plaintiff any remedy under the facts alleged in the petition. Vince v. Metro Rediscount Company, 18-2056, p. 1 (La. 2/25/19), 264 So. 3d 440, 441. The exception raising the objection of no cause of action is triable on the face of the pleadings, and all well-pleaded facts in the petition must be accepted as true. HPC Biologicals, Inc. v. UnitedHealthCare of Louisiana, Inc., 16-0585, p. 6 (La. App. 1st Cir. 5/26/16), 194 So. 3d 784, 792. The purpose of the exception raising the objection of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff is a member of the class that has a legal interest in the subject matter of the litigation. HPC Biologicals, Inc., 16-0585 at p. 7, 194 So. 3d at 792. On appellate review, this court reviews the pleadings *de novo*, because these exceptions present a question of law. HPC Biologicals, Inc., 16-0585 at p. 7, 194 So. 3d at 792.

In the instant case, Cathey alleged in his motion for reinstatement of driving privileges that he had been convicted of driving while intoxicated, third offense; that he had satisfactorily completed all the terms of his sentence as of January 2019; that more than three years had passed since his driver's license was

4

suspended in 2015; and that he did not drive during his suspension. Accordingly, Cathey applied for reinstatement of his driver's license pursuant to La. R.S. 23:414, but DPSC denied the issuance of a license unless he installed an ignition interlock device in his vehicle for eighteen months.

As noted above, Louisiana has enacted two statutory schemes concerning the suspension of driving privileges of persons who drive while intoxicated or under the suspicion of doing so. Louisiana Revised Statutes 32:414-415.1 apply to those persons who have been convicted of and sentenced for operating a vehicle while intoxicated. Louisiana Revised Statute 32:414(D)(2) provides upon termination of the suspension period that "the person whose license has been suspended shall be reinstated, provided no other suspension of license is outstanding and upon satisfaction of any financial responsibility law requirements and upon payment of a reinstatement fee as required by this Section." However, there is no requirement that a person applying for reinstatement of his driver's license following termination of the suspension period must first have an ignition interlock device installed in his vehicle.[2] Furthermore, because Cathey is not seeking review of his initial suspension, and installation of an ignition interlock device is not a requirement for reinstatement of a driver's license following termination of Cathey's suspension period, we find that the administrative review provisions found in La. R.S. 32:414(F)(4) are not applicable to the instant action. Accordingly, we find that Cathey's motion for reinstatement of driving privileges states a cause of action and that Cathey has a right to bring this action.

---

[2] We note that a licensee who has had his license suspended for operating a motor vehicle under the influence of alcoholic beverages shall be eligible to apply for a restricted driver's license after a period of twelve months upon proof that his motor vehicle has been equipped with a functioning ignition interlock device, which shall remain on the motor vehicle for not less than six months from the date the restricted driver's license is granted. La. R.S. 32:414(D)(1)(b). However, unlike the provisions found in La. R.S. 32:667(I), this requirement is only with reference to obtaining a restricted driver's license and does not apply as a condition to reinstatement of a driver's license following completion of a period of suspension. As noted above, these two statutory schemes are separate and distinct, and they are not integrated. In re Lafleur, 12-1227 at p. 3, 129 So. 3d at 543.

5

## CONCLUSION

For the foregoing reasons, we affirm the portion of the trial court's judgment denying DPSC's exceptions raising the objections of no cause of action and no right of action. However, we reverse the portion of the trial court's judgment ordering DPSC to immediately reinstate Cathey's driver's license and remand this matter for further proceedings consistent with this opinion. All costs of this appeal are assessed to Daniel Cathey.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**